[No. 5720.]

## WM. YOUNG and L. J. ALLEN *v.* S. HOGLAN.

Settlement of Partnership Accounts.—A settlement of partnership accounts between the partners can only be made in action in which all the partners are parties.

Idem.—If the liability of the defendant to the plaintiff depends on the settlement of the accounts between partners who are not parties to the action, the partners must be made parties before the case can be determined.

Appeal from the District Court, Eighth Judicial District, County of Humboldt.

Rogers and Powell were partners in a band of 2,700 sheep, and their partnership accounts, as well as the accounts of the

partnership with third persons, were in an unsettled state. Powell sold the defendant here 1,200 head of the sheep for $3,000, $1,500 of which the defendant paid. Hoglan then sold 600 of the sheep to Rogers for $1,575, and it was agreed between the three that Rogers and Powell would settle their partnership accounts, and that if Powell owed Rogers on said settlement, Powell would take Rogers as his creditor for the sum due, and release Hoglan from such sum; but that Hoglan should pay Powell the balance, if any. The result of the arrangement would be, that if Powell owed Rogers $1,575, Hoglan would be entirely released; but if he owed him a less sum, Hoglan would be released from such sum. Powell afterward assigned to the plaintiffs. The plaintiffs then brought this suit to recover the $1,500. The plaintiffs, when they purchased the demand, had full knowledge of the arrangement between Powell, Rogers, and Hoglan. The Court found the facts, and held as a conclusion of law that the liability of the defendant depended on a settlement of the partnership accounts between Powell and Rogers, and held the case open for further proceedings. It was then verbally agreed between the attorneys, to avoid the necessity of bringing in Powell and Roger as parties, that the Court should refer the cause to John A. Watson, with power to take testimony and find the facts as to the condition of said partnership accounts. This agreement was entered in the minutes of the Court. The referee reported that Powell was not indebted to Rogers, whereupon the Court rendered judgment in favor of the plaintiff for fifteen hundred dollars. The defendant appealed.

*Chamberlain & De Haven*, for the Appellant, and who were called into the case in the District Court after the agreement and order of reference, agreed that the liability of defendant depended entirely upon the result of a settlement between Powell and Rogers, and that such settlement, and the ascertainment thereby as to whether defendant was liable at all, and if so, to what extent, was a condition precedent to any right of action which plaintiffs might have against defendant, and cited *Tipton* v. *Feitner*, 20 N. Y. 425; *Stow* v. *Wadley*, 8 Johns.

124; *Hyde* v. *Boston and Bane Co.* 21 Pick. 90. They also argued that the agreement between the attorneys as to the order of reference was not binding, as it changed the contract of the parties, and cited *Borkelm* v. *N. B. & M. Ins. Co.* 38 Cal. 628; *Merritt* v. *Wilcox, ante,* p. 238.

*Burch & Griffith,* also for the Appellant.

By the agreement plaintiffs' assignor could never have maintained an action against Rogers, nor could he have offset said $1,500 in any action *ex contractu* said Rogers might have brought against him. (*Cuxon* v. *Chadley,* 3 Barn. & C. 591; *Wharton* v. *Walker,* 4 Barn. & C. 163; *French* v. *French,* 2 M. & G. 644; *Thomas* v. *Shilleber,* 1 Mees. & W. 124.)

*S. M. Buck,* for the Respondents.

By the COURT:

A settlement of the partnership accounts between Rogers and Powell, as contemplated at the time of the sale of the sheep by Powell to Hoglan, can only be made in a proceeding to which both Rogers and Powell are parties.

Judgment reversed and cause remanded, with directions to permit the parties to amend the pleadings so as to make Rogers and Powell parties to the action.