[No. 8,899. In Bank.—August 26, 1884.]

GEORGE WRIGHT, RESPONDENT, v. M. WARD, APPELLANT.

EXECUTION — SALE OF INTEREST OF A PARTNER — CONVERSION.— A sheriff, in enforcing a writ of execution against a member of a partnership, should take possession of the partnership property and sell the interest of the execution debtor therein, and he may deliver the possession of the entire property to the purchaser, who becomes a tenant in common with the other partner. Such seizure, sale, and delivery of possession is not a conversion of the other partner's interest, although at the time of the levy and sale the execution debtor would have had no interest in the partnership property, had there been an accounting between the partners.

ID. — STATUTE OF LIMITATIONS.— A subsequent sale of the entire property and an appropriation of the proceeds by the purchaser is a conversion, and the Statute of Limitations begins to run in his favor from the date of the sale by him.

ID. — BURDEN OF PROOF.— In an action against the purchaser, the burden of showing the bar of the statute is on the defendant.

ID. — ACCOUNTING WITH PURCHASER OF ONE PARTNER'S INTEREST — PARTIES. — In an action for an accounting between one member of a partnership and a purchaser of the interest of the other partner at an execution sale, the partner whose interest has been sold is a necessary and indispensable party to the action, notwithstanding it is alleged and proved that he is out of the State, and his whereabouts is unknown.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order refusing a new trial.

The action was brought for an accounting to ascertain the interest which the defendant had acquired by his purchase at an execution sale of the interest of the plaintiff's copartner. The remaining facts are stated in the opinion of the court.

*Chipman & Garter,* for Appellant.

*John F. Ellison,* and *J. Chadbourne,* for Respondent.

Ross, J.—The complaint charges, and the court below, from evidence sufficient to sustain the finding, found the fact to be, that the subject of this action—a certain lot of cattle—was in the year 1876 a part of the property of a copartnership consisting of the plaintiff Wright and one Wellington. It is further alleged and found to be true that on the 27th of June, 1876, and during the existence of that copartnership, the defendant Ward commenced an action in the late District Court of Shasta County against Wellington, to recover judgment upon a money demand, in which action a writ of attachment was duly issued and levied by the sheriff upon Wellington's interest in the cattle, which was followed by the levy of an execution issued upon a judgment that Ward recovered in the action against Wellington, under which all of Wellington's interest in the cattle was duly sold and the cattle delivered by the sheriff to Ward, who thereupon took them into his possession and *subsequently*—date not appearing—sold them and converted the proceeds to his own use. It is averred in the complaint that there has been no settlement of the partnership affairs between the plaintiff and Wellington, but that the partnership is, and at all times mentioned in the record was, free of debts and liabilities, and, further, that during the existence of the partnership Wellington appropriated to his own use funds of the copartnership greatly in excess of his interest therein—to such an extent, indeed, as that upon a settlement of the partnership accounts at the time of the levy upon the cattle, or at the time of their sale by the sheriff under the writ of execution, Wellington would have had no interest as against plaintiff in any of the property then owned by the firm of Wright &

Wellington; and these averments of the complaint are, in sub-
stance, found to be true by the court below. For which reason
the plaintiff claims, and the court below held, that the defendant
Ward is liable to the plaintiff for the value of the cattle. at the
time of their sale by the sheriff under the execution in favor of
Ward, with interest and costs.

The sheriff's sale, as has been said, occurred on the 27th of
July, 1876. This action was not commenced until the 15th of
June, 1881, and one of the appellant's points is, that the action
is barred by the provisions of the Statute of Limitations. We
must hold against the appellant on this point. In levying upon
and selling the interest of Wellington in the partnership prop-
erty at the suit of Ward, an individual creditor of Wellington,
neither the sheriff nor Ward was doing anything he did not
have a right to do. Indeed, the sheriff was doing what he was
obliged to do under the law. In executing his writ the sheriff
not only had the right, but was bound to take possession of the
property, and in selling the interest of the execution debtor in
the partnership property, he rightly transferred the possession
of the property to the purchaser, who thereupon became substi-
tuted to the rights of the execution partner, *quoad* the property
sold, and became a tenant in common thereof, with the right to
file a bill, and subject to a bill against him by the other partner,
to ascertain the quantity of interest which he acquired by the
sale. (*Jones* v. *Thompson,* 12 Cal. 199; *Robinson* v. *Tevis,* 38
Cal. 615; Story Part. § 263.) There was, therefore, no con-
version of the plaintiff's interest in the property in question by
the defendant's purchase at the sheriff's sale. But there was
such conversion by the defendant when he subsequently sold the
entire property and converted the proceeds to his own use.
When that conversion occurred, however, is not made to appear
on the record. If it occurred at such time as would bar the
action, it was incumbent on the defendant to show the fact, the
plaintiff's evidence failing to show that the statute had run.

Upon another point, however, we must reverse the judgment
and order appealed from. Wellington was not made a party to
the action. To obviate this difficulty the plaintiff alleged in
his complaint that about the month of September, 1876, Wel-
lington " left this State, and his whereabouts have ever since been

unknown to this plaintiff." The finding is in accordance with the averment.

Appellant's position in this particular is based upon an exception to the general rule in relation to parties, which is thus stated in section 78 of Story's Equity Pleading : —

"The first exception to the rule, which we shall notice, is founded upon the utter impracticability of making the new, proper, or necessary parties. This occurs, of course, when such new parties are without the jurisdiction of the court, and when, consequently, they cannot be reached by the process of the court. In such a case, to require such persons to be made parties, would be equivalent to a dismissal of the suit, and amount to a denial of justice. Hence, it is a common rule of the court, that when a person who ought to be a party is out of the jurisdiction of the court, if the fact is stated in the bill, and admitted by the answer, or proved (if denied) at the hearing, that of itself constitutes a sufficient ground for dispensing with his being made a party, and the court will proceed to a decree without him. Thus, for example, the general rule is, that to a bill against a partnership, all the partners must be made parties. But if one of the partners be resident in a foreign country, so that he cannot be brought before the court, and the fact is so charged in the bill, the court will ordinarily proceed to make a decree against the partners who are within the jurisdiction; with this qualification, however, that it can be done without manifest injustice to the absent partner."

An important qualification engrafted on this exception, as said in a subsequent section of Story (§ 81), is, "that persons who are out of the jurisdiction, and are ordinarily proper and necessary parties, can be dispensed with only when their interests will not be prejudiced by the decree, *and when they are not indispensable to the just ascertainment of the merits of the case before the court.*"

In the case at bar, the liability of the defendant to the plaintiff confessedly depends upon the status of the partnership accounts between plaintiff and Wellington. If, upon an adjustment of those accounts, it should turn out that, at the time of the sheriff's sale of the cattle to defendant Ward, there was no residuum in Wellington, Ward got nothing by his purchase, and his subse-

quent conversion of the property rendered him liable to the plaintiff. But it is equally true that if, upon an adjustment of the partnership accounts between Wright and Wellington, it should turn out that there was no residuum in *Wright*, the reverse would follow. · As the liability of the defendant depends on the settlement of the partnership accounts between the plaintiff and Wellington, it seems quite clear that the latter is an essential party to the action. *Young* v. *Hoglan*, 52 Cal. 466, is in point, and a case standing upon analogous reasoning is *Roveray* v. *Grayson*, 3 Swant. R. 145, note.

Judgment and order reversed and cause remanded for a new trial.

SHARPSTEIN. J.. MCKINSTRY J., and MYRICK, J., concurred.

THORNTON. J., and MCKEE, J., concurred upon the ground that Wellington was not made a party.