# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

LEWIS ET ALS. V. MASON'S ADM'R ET ALS.

| 84 | 731 |
|----|-----|
| 89 | 62 |
| 84 | 731 |
| 91 | 611 |

FEBRUARY 19th, 1885.*

1. POST-NUPTIAL SETTLEMENTS—*Burden of proof.*—Such settlements are pre-
   sumably voluntary. Burden of proving valuable consideration rests on
   those claiming under them. Where bill alleges them to be voluntary,
   answer denying the allegation does not shift the burden. The defence
   must be proved. *Hatcher* v. *Crews*, 78 Va., 460.
2. ASSIGNMENTS—*Choses in action.*—It is essential to an assignment of a *chose*
   in action that it be delivered.
3. IDEM—*Personal representatives—Possession—Presumption.*—Where the assign-
   ment of a *chose* in action is to one who afterwards becomes personal
   representative of assignor, his subsequent possession is not evidence of
   delivery by assignor.
4. FRAUDULENT CONVEYANCES—*Voluntary gifts—Case at bar.*—G. held bond
   of S. payable to himself. He endorsed it "I hereby assign this bond to
   my wife for her sole and separate use," &c. G. was indebted at the
   time. After his death:

HELD:

   The endorsement did not operate as a gift to, or a settlement upon
   her, because of want of proof of a delivery and also of a valu-
   able consideration.
5. PERSONAL REPRESENTATIVE—*Devastavit.*—Such fiduciaries are chargeable
   with all personal estate of decedent, and it is chargeable in their hands
   with his debts. If they deliver it to a testamentary trustee before
   the debts are paid, they are guilty of *devastavit.*
6. STATUTE OF LIMITATIONS—*Burden of proof.*—On one pleading the bar of
   this statute lies the burden of proving that his case comes within it.

QUÆRE: Do "goods and chattels" include *choses* in action? See *Kirkland*,

---

* This case was not directed to be reported until since the publication of
this volume was commenced.

*Chase & Co.* v. *Brune,* 31 Gratt., 126; *Gordon* v. *Rixey,* 76 Va., 703; *Dailey* v. *Warren,* 80 Va., 512.

Appeal from decree of circuit court of Essex county, rendered March 18th, 1880, in the cause wherein W. R. Mason, administrator of W. R. Mason, deceased, who was executor of A. H. Mason, deceased, was complainant, and R. M. T. Hunter, B. R. Bavid, and J. D. Hunter, trustee in a deed of trust from R. M. T. Hunter and wife, W. G. Newbill, sheriff, administrator of M. R. H. Garnett, deceased, E. P. C. Lewis and Mary P., his wife, who was Mary P. Garnett, widow of M. R. H. Garnett, deceased, and others were defendants. The decree being adverse to E. P. C. Lewis and wife, they appealed to this court. Opinion states the case.

*R. B. Lewis, Thomas Croxton,* and *James M. Mathews,* for the appellants.

*J. G. Mason,* and *T. R. B. Wright,* for the appellee.

FAUNTLEROY, J., delivered the opinion of the court.

The facts necessary to be stated, as disclosed by the record, are as follows:

R. M. T. Hunter and M. R. H. Garnett, on the 10th day of April, 1860, executed their bond to Wiley Roy Mason, executor of A. H. Mason, deceased, for $4,000, payable on demand, bearing interest from January 1st, 1860. M. R. H. Garnett, on July 26th, 1860, married Mary P. Stevens, daughter of E. A. Stevens, of the State of New Jersey.

E. A. Stevens, on 25th July, 1860, the day before the said marriage, executed his bond to M. R. H. Garnett for $50,000, bearing interest semi-annually, at the rate of six per centum per annum, and payable five years after date. M. R. H. Garnett, on the 19th day of May, 1861, endorsed this bond as follows: "I hereby assign this bond to my wife, Mary P. Gar-

nett, for her sole and separate use, with power to bequeath it as she pleases by last will and testament. M. R. H. Garnett, May 19th, 1861."

On the 15th day of August, 1861, M. R. H. Garnett, executed his last will and testament, and, in the first clause thereof, bequeathed as follows : " I give to my wife her father's bond to me for $50,000, with whatever may be due thereon and unpaid at my death. I give her also the legacy left her by Mr. Picton, her grandfather, or as much thereof as may be due from his executors at my death; and all plate, jewels, furniture, books, etc., she brought with her. These, and any other bequests to her herein contained, shall be in lieu of dower. I give my wife during widowhood the exclusive use and occupation of the house and lot and garden at Elmwood, and the furniture; also, sixty barrels of corn yearly; also the right to graze six cows and four horses on Elmwood plantation, and the right to take fuel from the woods. These rights shall not be transferable. Inasmuch as my affairs are so mixed with my mother's that they cannot be separated without serious damage to the property, I give and bequeath all the rest and residue of my estate, of all kinds, to my mother, with power to sell any part, or all of it, in trust, first to pay my debts," etc.

M. R. H. Garnett, died in the month of February, 1864. His will was admitted to probate on the 21st of March, 1864. R. M. T. Hunter, the executor named therein, refused to qualify, and the widow, Mary P. Garnett, qualified as administratrix with the will annexed, on the 18th of April, 1864, and she, as such administratrix, in conjunction with Mrs. Maria H. Garnett, the testamentary trustee, proceeded to pay off the debts of the estate.

On June 1st, 1869, Mary P. Garnett, the widow and administratrix, inter-married with E. P. C. Lewis; and in December, 1869, the estate of M. R. H. Garnett, was committed to

William G. Newbill, sheriff of Essex county, as committee *c. t. a.*, *d. b. n.* of the estate of M. R. H. Garnett, deceased.

On the 16th day of February, 1871, R. M. T. Hunter and Mary E., his wife, made a deed of trust conveying two tracts— one of 480 acres in Essex county, Va., and one of 1,900 acres in Nicholas county, W. Va., to Benjamin R. Baird and James D. Hunter, trustees, to secure his creditors, generally and *pro rata*. On the 18th day of January, 1875, the bill in this suit was filed, to foreclose the deed of trust executed by R. M. T. Hunter and wife, and to subject the estate of M. R. H. Garnett, deceased, to the payment of the debt due to the estate of complainant's intestate by the bond aforesaid of R. M. T. Hunter and M. R. H. Garnett.

The bill prays that an account may "be taken of the personal effects received by and for the use of the said Mary P. Garnett as such administratrix, with the will annexed as aforesaid; also an account of the testator's personal and real assets that came into the hands of Maria H. Garnett, trustee as aforesaid; and, also, an account of the personal property, if any, that came to the hands of William G. Newbill, sheriff of Essex county," etc. Various proceedings were had in the cause, and a decree was entered on July 3d, 1875, directing the trustees, Baird and Hunter, to sell the real estate conveyed to them by R. M. T. Hunter and wife for the payment of his debts, and on the 27th of September, 1875, the said trustees reported the sale of the land in Essex county, and their inability to sell the land in Nicholas county, W. Va. The land in Essex county, Va., sold for not enough to pay the debts of R. M. T. Hunter, and left a large debt due to the complainant.

The bill charges that M. R. H. Garnett died possessed of a very large personal estate, more than sufficient to pay all his debts; and that he was also seized and possessed of large and valuable real estate in the county of Essex, Virginia. That by virtue of her powers as administratrix, the said Mary P. Gar-

nett became possessed of the greater part of the said testator's personal estate; and that the said Maria H. Garnett, testamentary trustee, by virtue of the powers conferred upon her by the said will, sold and conveyed the farm, called "Mount Pleasant," to the said Mary P. Garnett for $17,000, as also the other tracts in Essex county, Virginia, and in Greenbrier and Nicholas counties, West Virginia, for other large sums; and that valuable personal property of the said M. R. H. Garnett went into the hands of said Maria H. Garnett, as trustee. That the said Mary P. Garnett never settled any account of her administration, nor the said Maria H. Garnett of her trusteeship. It is then charged that R. M. T. Hunter, the co-obligor with M. R. H. Garnett, has no estate out of which the complainant's claim can be paid. The bill prays for the proper accounts and settlements, and that the personal estate of the said testator may be applied to the payment of his debts; and, if insufficient for the purpose, that his real estate may be so applied; and for general relief.

E. P. C. Lewis and wife answer jointly—the first denies all personal knowledge of the matters stated in the bill; the latter admits her qualification on M. R. H. Garnett's estate in 1864, and her marriage with Lewis in 1869; but both deny any knowledge of the claim asserted by the complainant, and require proof. The female respondent, Mary P. Lewis, denies that there ever came to her hands, either for her own use, or as administratrix of her former husband, M. R. H. Garnett, deceased, "any article of personal property whatever, for which she can be held accountable to the estate of the said M. R. H. Garnett, except the purchase price of the property purchased from Maria H. Garnett, trustee under the will of M. R. H. Garnett, which was paid and applied in full to the debts of the said M. R. H. Garnett." She denies that she took as a bequest under the will of her said first husband, the bond of her father to him, the said M. R. H. Garnett, for $50,000; or the legacy left to her by the will of her grandfather, Mr. Picton,

referred to in the will of the said M. R. H. Garnett.  She alleges
that, on her marriage with M. R. H. Garnett, her father gave
this bond for $50,000 to him with the express understanding,
at the time between them, that it was to be for the separate
use and benefit of herself, and that it should be settled on her
by her said husband.  She alleges that, in pursuance of the
said agreement between the said M. R. H. Garnett and her
father, the said M. R. H. Garnett, her husband, made an assign-
ment of the said bond on the 19th day of May, 1861, and
endorsed the same on the back thereof, and delivered the same
to her; and she claims that the said bond was owned and held
by her from that time, till payment was made to her after the
death of the said M. R. H. Garnett, and that no part of it was
ever paid to the said M. R. H. Garnett during his lifetime, but
that the whole of it was paid to her by the executors of her
father's will during the years 1865, 1866, 1867, and 1868.

She further alleges that the said M. R. H. Garnett, at the
time of the said assignment, was in possession of a large real
estate in Essex county, Virginia, and in Nicholas and Green-
brier counties, West Virginia; and also some sixty slaves; and
a large personal estate other than slaves, greatly in excess of
his debts then due or afterwards contracted; and she relies on
the statute of limitations against any attempt to set aside the
said assignment, more than five years having elapsed since it
was made before the bill was filed.  In reference to the legacy
left her by the will of her grandfather, she says: Mr. Picton
resided in New Jersey, and by his will left her a legacy in that
State; but that no part of it was reduced into possession by
the said M. R. H. Garnett in his lifetime; and she claims that,
by the law of New Jersey, the said legacy is her separate estate,
and that it was paid over to her long after the death of the said
M. R. H. Garnett, by the executors of the will of the said Pic-
ton, and that the said Garnett had no power to dispose of it by
will.  She insists that, though she was the administratrix of
the estate of M. R. H. Garnett, deceased, with his will annexed,

she had, in fact, nothing to do with the affairs of his estate; M. H. Garnett, his mother, being appointed, by the will, trustee, (of the residuum) for certain purposes in said will specified. That she has paid to M. H. Garnett, trustee, the sum of $50,000 for the real estate of M. R. H. Garnett, and that she has paid, and furnished the means to pay, the debts of said decedent, M. R. H. Garnett, to the amount of $51,641 07, for which she exhibits statement and vouchers. She says that she cannot say what became of the personal estate left by M. R. H. Garnett after it went into the hands of Mrs. M. H. Garnett. She claims that payments have been made on account of the claim asserted by complainant, and asks an account of them; and denies her liability for it, and insists that R. M. T. Hunter's estate shall be exhausted before she can be made liable. To the answer there is a general replication.

In this stage of the cause, on the 2d day of May, 1878, a decree of reference to a master commissioner of the court was made directing him to "inquire and ascertain all the personal property left by M. R. H. Garnett, at the time of his death, which did, or should have come to the hands of Mary P. Garnett (now Lewis) his administratrix; what, if any, of said personal property went into the hands of Maria H. Garnett, trustee under the will of said M. R. H. Garnett; and to take an account of the administration of Mary P. Lewis of the estate of M. R. H. Garnett, deceased."

This decree the master commissioner proceeded to execute, and on 17th of November, 1879, returned his report.

Exceptions both by the plaintiff and defendants are filed to this report, and the circuit court proceeding to pass upon the exceptions, *seriatim*, overruled them all, and entered a decree for the debt asserted in the bill as ascertained and reported by the master commissioner.

The first assignment of error by the appellant is that the court overruled the exception to the commissioner's report that the $50,000 bond of E. A. Stevens was a part of the estate

of M. R. H. Garnett, deceased, which came to the hands of Mary P. Garnett (now Lewis) as administratrix *c. t. a.*, and charges her with the same.

It is stated by the female respondent, Mary P. Lewis, in her answer filed May 2d, 1878, that the bond of her father, E. A. Stevens, payable to M. R. H. Garnett, for $50,000, was, in fact and intent, but a marriage portion; and that it was executed by her father upon an agreement and understanding between the said Stevens and M. R. H. Garnett that it was to be for the sole and separate use of her, the said Mary P. Garnett; and that the said Garnett was to make a settlement of it on her, and that the written assignment on the bond was made in pursuance of said agreement, and that the said bond was delivered to her at the time of such assignment. These statements in the answer are purely affirmative of new matter, and in no way responsive to any allegation in the bill, which is simply a creditor's bill for an account of the estate of respondent's testator, and for the payment of his debt to complainant, evidenced by the bond of the testator. There is no statement or allegation in the bill touching the said bond of Stevens to M. R. H. Garnett; and the respondent is bound by the settled rule of chancery, to establish the allegations so made in the answer, by independent and satisfactory testimony. There is no evidence in the record to sustain the pretension of the respondent as to the assignment and ownership of this bond, except her answer; and this is, we think, wholly insufficient for the purpose. 1 Daniell's Ch. P., 843, note 7 and cases there cited; 2 Story's Equity, § 1529; 2 Rob. Practice (old ed.) 330; *Payne* v. *Coles*, 1 Munf., 373 ; *William & Mary College* v. *Powell*, 12 Gratt., 372, 381, 386; *Lewis* v. *Caperton*, 8 Gratt., 148 ; *Price* v. *Thrash*, 30 Gratt., 523 ; *Ruth* v. *Owens*, 2 Rand., 507; *Beckwith* v. *Butler*, 1 Wash., 224; 4 Minor's Inst., 1193.

In the recent case of *Hatcher* v. *Crews*, 78 Va., 460, Judge Hinton said, of an attempt made by Mrs. Hatcher to set up a post-nuptial settlement by her answer: "It was a post-

nuptial settlement; and, under the doctrine laid down by this court, in *Blow* v. *Maynard*, 2 Leigh 30, and *Fink* v. *Denny*, 75 Va., 663, it is presumed to be voluntary and void; and it not only rests upon the appellants to show that it was made for a valuable consideration moving from Mrs. Hatcher, but the answer to the bill charging it to be voluntary is not allowed to shift the presumption, nor is it held to be evidence for the respondent; but, on the contrary, the defence set up in the answer must be established by proof." And so we think that the respondent, Mary P. Lewis, has wholly failed to show, by proof, that the bond of her father to M. R. H. Garnett for $50,000 in question, was executed in pursuance of any such agreement as that alleged in her answer.

But it is alleged that the endorsement upon the bond by M. R. H. Garnett, May 19th, 1861, assigned it to his wife, the respondent, as her sole and separate property; but there is nothing to show that the bond, so endorsed, was ever delivered to the alleged assignee; on the contrary, there is very strong evidence leading to the conclusion that there was never any completed assignment; for, by his will, made long subsequent to the date of said endorsement upon the bond, M. R. H. Garnett bequeaths as follows: "I give to my wife her father's bond to me for $50,000, with whatever may be due thereon and unpaid at my death." The endorsement upon the bond was made during the war; and it may have been put there under *terrorem* of confiscation; but, whatever may have been the intent, the fact of delivery of the bond is not shown, and without such delivery there is no completed and valid assignment. *White* v. *Campbell's administrator*, 80 Va. 180.

It is insisted, however, that the possession of the bond and its production by respondent, is evidence of delivery; but, however this may be in ordinary cases, it can have no such significance in this case; she being administratrix, all the choses in action of her testator are presumed to have gone

into her possession as the legal recipient and custodian of all his personal estate.

But, yet, it is most earnestly insisted, in argument, that the endorsement on the bond operated a settlement of it upon his wife, the respondent, by M. R. H. Garnett in his life time; and that, he being at the time unembarrassed in his circumstances and the amount thus settled not unreasonable, it should be sustained. The statute of Virginia, Code of 1860, chap. 116, sec. 1, p. 558, enacts "no estate of inheritance, or freehold, or for a term of more than five years in lands, shall be conveyed except by deed or will; and no gift of a slave, or of any goods or chattles shall be valid unless by deed or will, or unless actual possession shall have come to and remained with the donee, or some person claiming under him. If the donor and donee reside together at the time of the gift, possession at the place of their residence shall not be sufficient possession within the meaning of this section."

The complainant's debt was contracted April 10th, 1860, and the endorsement of assignment on the bond was made May 19th, 1861; and, being for no consideration deemed valuable in law, it comes within the express statute, Code 1860, chap. 118, sec. 2, and Code 1873, chap. 114, sec. 2, p. 896, which provides "every gift, conveyance, *assignment*, transfer, or charge, which is not upon consideration deemed valuable in law, shall be void as to creditors whose debts shall have been contracted at the time it was made," &c. In regard to the second exception of the defendant, which is the ground of the second assignment of error by appellant, we are of opinion that the court did not err in sustaining the report of the master commissioner in charging the administratrix with all the personal property left by the testator, and that the same was chargeable in her hands with the payment of his debts. It could not properly go into the hands of Maria H. Garnett as testamentary trustee, or otherwise, without the assent of the

administratrix; and if she gave such assent before the debts were paid, she was guilty of a *devastavit.*

In this case Mrs. Maria H. Garnett was never executrix, according to the tenor of the will, or otherwise; for she never qualified by taking the oath and giving the bond required by the statute. She was but a devisee and legatee in trust; and she had no right, certainly, to any part of the personal estate until the assent of the expressly appointed and duly qualified personal representative was obtained. We do not think the statute of limitations is applicable to this case; but if it were, the replication is a complete answer to the plea, and no proof is offered. *Wilkerson & Co.* v. *Holloway,* 7 Leigh, 277.

The views already expressed, render it unnecessary to advert to the third, fourth, fifth, and sixth exceptions of the appellant, since they relate to matters of detail in the commissioner's report, which, even if settled in favor of the exceptants, could not alter the conclusion of the liability of the administratrix for the amount still found chargeable in her hands, and applicable to the satisfaction of complainant's debt.

We find no error in the decree of the circuit court of Essex complained of, and the same must be affirmed.

RICHARDSON, J., dissented.

DECREE AFFIRMED.