GEORGE J. THOMAS, RESPONDENT, v. JAMES GLEN-
DINNING, APPELLANT.

LIMITATIONS — HOW PLEADED — ACKNOWLEDGMENT — RUNNING OF
STATUTE—TRUSTS—APPEAL—RECORD—JUDGMENT ROLL.

1. An order overruling the demurrer is a part of the judgment
roll, under subdivision 2, § 3413, Comp. Laws 1888, and
may be reviewed on an appeal from the judgment. Where,
however, the defendant relies upon the statute of limita-
tions in his demurrer, he should point it out specifically;
otherwise, the objections on that ground would be waived.

2. The decision of the territorial court in *Thompson* v. *Avery*,
reported in 39 Pac. 829, was evidently made without the
statute (chapter 39, p. 42, Sess. Laws 1894) being called to
its attention.

3. The written statement: "The balance due you, I have notes
against N. & P., and presume they will be paid this fall.
If not, I suppose I will have to,"—is sufficient evidence of
a new and continuing contract, under section 3165, Comp.
Laws 1888, but not the subsequent written statement: "The
statement I submitted to you in 1884 is correct, but if my
memory serves me right, I paid you on my account $1,000,
October 23d, and, I supposed, advanced enough money to
liquidate the claim. I have been of that opinion all along.
Please look the matter up, and oblige."

4. In the case of an express trust, created by the mutual confi-
dence and contract of the parties, the statute does not begin
to run until the *cestui que trust* has actual or constructive
notice of the repudiation of the trust.

5. The plea of the statute of limitations impliedly admits the
existence of the demand, and the burden of proving the bar
by statute is upon the party pleading the statute.

(No. 657. Decided Feb. 19, 1896. 44 P. R. 652.)

Appeal from the judgment of the district court of the

Third district, Territory of Utah, Hon. George W. Bartch, *Judge.*

*William McKay* and *D. B. Hempstead,* for the appellant.

Mr. Buswell in his work on Limitations, section 42, says:

"The law as clearly laid down by the modern authorities may be stated in the following propositions: 1—A debt barred by the statute of limitations may be revived by a new promise. 2—Such promise may be expressed or implied. 3—An implied promise is created only by a clear and unqualified acknowledgment, *equivalent to a new promise.* It must be absolute, unconditional and not controlled by other language."

It cannot be claimed that either of the letters in this case contains an express promise by the defendant to pay.

On the question of what is a sufficient promise or acknowledgment to overcome the effect of the statute of limitations see the following authorities:

1 Wood on Limitations (2d Ed.) secs. 68, 70, 85; *Bell* v. *Morrison,* 1 Peters 351; *Moore* v. *Bank of Columbia,* 6 Peters 86; *Shepherd* v. *Thompson,* 122 U. S. 231; *McCormick* v. *Brown,* 36 Cal. 180; *Curtis* v. *Sacramento,* 70 Cal. 412; *Senseman* v. *Hershman,* 82 Pa. St. 83; *Miller* v. *Baschore,* 83 Pa. St. 356; *Sigourney* v. *Drury,* 14 Pick. 387; *Weston* v. *Hodgkins,* 136 Mass. 326; *Krebs* v. *Olmstead,* 137 Mass. 504; *Ayers* v. *Richards,* 12 Ill. 146; *Norton* v. *Colby,* 52 Ill. 198; *Carroll* v. *Forsyth,* 69 Ill. 127; *Wachter* v. *Albee,* 80 Ill. 47; *Kollenback* v. *Dickinson,* 100 Ill. 427; *Sands* v. *Gelston,* 15 Johnson (N. Y.), 511; *Cocks* v. *Weeks,* 7 Hill, 45; *Ten Eyck* v. *Wing,* 1 Mich. 40; *Jewett* v. *Petit,* 4 Mich. 508.

*Richard B. Shepard, A. N. Cherry,* and *Harrison O. Shepard,* for respondent.

The writing must contain an express promise *or* an acknowledgment of the debt as an existing debt from which an implied promise to pay may be inferred. *Biddel* v. *Brizzolara,* 64 Cal. 354.

Taking this case as the law in the matter, an acknowledgment is certainly contained in the words *"amount due you, $1, 127.80,"* from which an implied promise to pay arises, which certainly is enough to remove the bar of the statute in this action, if it was ever barred.

If a debtor simply acknowledges an old debt, the law implies from the simple acknowledgment a promise to pay it. Wood on Limitations, 1st Ed., 139; Angell on Limitations, 6th Ed., 240; Buswell on Limitations, 59.

Any writing admitting that the debt is due will revive the remedy upon the contract, although there is not upon its face any express promise to pay it. Wood on Limitations, 1st Ed., 210; *Elder* v. *Dyer*, 26 Kan. 604; *Devereaux* v. *Henry*, 16 Neb. 55.

If the words used are simply "I O U 275 pounds," or "I admit the debt," either of these expressions is sufficient to revive the debt. Wood on Limitations, 1st Ed., 210-211.

A letter which acknowledges a subsisting indebtedness is sufficient. *Chase* v. *Higgins*, 1 Thompson & Cook (N. Y.), 220; Wood on Limitations, 1st Ed., 168-172; *Custy* v. *Donlan,* 159 Mass. 245.

MINER, J.:

Plaintiff, Thomas, alleged in his complaint, in substance, that on July 1, 1883, he delivered to the defendant, Glendinning, at his request, for safe-keeping, the sum of $4,321, belonging to the plaintiff, to be safely and securely kept by defendant for the plaintiff, and which sum was to be redelivered to plaintiff on demand; that

13 UTAH—4

on the 1st day of October, 1883, the plaintiff demanded a
a redelivery of the money from the defendant, and
that defendant had not safely kept the same, but that
said amount was lost and destroyed through the
negligence and carelessness of the defendant; that
he (defendant) did not deliver said sum in question, or
any part of said sum, except $3,193.20, leaving a balance
due and unpaid plaintiff of $1,127.80, with interest from
October 1, 1883, at 10 per cent. per annum. Plaintiff also
alleges that on the 9th day of July, 1884, the defendant
acknowledged in writing to plaintiff, that he was
indebted to the plaintiff as hereinbefore stated in the
sum of $1,127.80, and promised in writing to pay plaintiff
said sum as aforesaid. The writing is as follows:

"Salt Lake City, July 9th, 1884. G. J. Thomas, Salmon
City, Idaho—Dear George: The 7th inst. I mailed to J.
W. Birdseye, Davis Bros.' note, with instructions to col-
lect same and pay it to you. I have paid you:

| | |
|---|---:|
| Boyle's account | $1,918 95 |
| Davis Bros. (when paid) | 500 00 |
| Mrs. Hickey | 100 00 |
| Your order | 100 00 |
| Cash at store | 50 00 |
| Recording Pickham's mortgage | 3 00 |
| Cash to Shoup | 127 25 |
| Barclay's note | 394 00 |
| | $3,193 20 |

| | |
|---|---:|
| "Amount left with me: | |
| Cash | $400 00 |
| " | 3,521 00 |
| Barrack's | 3,521 00 |
| | $4,321 00 |
| | 3,193 20 |
| Amount due you | $1,127 80 |

"John Barrack has paid nearly all of his notes. It is

not necessary to ask him for any money, as his vouchers for flour come through me. The balance due you, I have notes against Nasholds and Pickham (Pickham's secured by mortgage on mine on East Fork), and presume they will be paid this fall. If not, I suppose I will have to. How are you getting along? Presume Jim and you have a good crop, and that you are both well. Regards to all. Yours, truly, Jas. Glendinning."

The complaint also alleges that on the 21st day of July, 1889, the defendant again acknowledged his liability for said indebtedness, and promised in writing to pay the same to the plaintiff. The writing is as follows:

"Salt Lake City, Utah, July 25th, 1889. G. J. Thomas, Esq., Gibbonville, Idaho—My Dear Sir: The statement I submitted to you in '84 (July 9th) is correct, but, if my memory serves me, Col. Shoup paid you on my account $1,000, October 23d, and I supposed I advanced enough money to Boyle to liquidate claim. I have been of that opinion all along. Please look the matter up, and oblige, Jas. Glendinning."

Plaintiff also alleges that the original transaction of leaving the money with defendant occurred in the state of Idaho, and that said written promises to pay were delivered to plaintiff by the defendant in the state of Idaho, and that, by the laws of Idaho in force at the time, 10 per cent. interest is allowable on all debts after maturity; and alleges that by reason of these acknowledgments and promises a new and continuing liability upon said original demand was incurred by said defendant to said plaintiff. The complaint was filed January 28, 1893, and was duly verified, and to this complaint the defendant filed a general demurrer, as follows: "Now comes the above-named defendant, and demurs to the plaintiff's complaint herein, and, for cause of demurrer, alleges that said complaint does not state facts sufficient to constitute a cause

of action." The demurrer was overruled, whereupon the the defendant, by leave of court, filed his verified answer, which is as follows: "The defendant, answering the plaintiff's complaint in this action, alleges that the cause and causes of action stated in plaintiff's complaint herein are barred by the provisions of section 194 and subdivision 1 of section 196 of the Code of Civil Procedure of this territory. Wherefore defendant prays that plaintiff take nothing by his said complaint, and that defendant be hence discharged, with his costs in this behalf expended." The cause came on for trial before the court without a jury, solely upon the pleadings, and without any other evidence whatever; and the court on May 3, 1895, made and rendered its findings and judgment in favor of plaintiff, and against the defendant, in accordance with the allegations in the plaintiff's complaint. From this judgment this appeal is taken.

Appellant assigns and specifies the following errors, upon which he asks for a reversal of said cause: "The said district court erred, in the following particulars, in overruling defendant's demurrer, and in rendering judgment against the defendant: First, the court erred in overruling defendant's demurrer; second, the court erred in holding that the plaintiff's complaint stated facts sufficient to constitute a cause of action; third, the court erred in rendering judgment in favor of the plaintiff, and against the defendant, solely upon the pleadings filed in said cause, and without any other evidence whatever; fourth, the court erred in holding that the plaintiff's cause of action, as alleged in his complaint, was not barred by the provisions of section 194 and subdivision 1 of section 196 of the Code of Civil Procedure of this territory."

The first question raised is whether the order overruling the demurrer can be considered on this appeal. We

think the order overruling the demurrer is a part of the judgment roll, under subdivision 2, § 3413, Comp. Laws Utah 1888, and is properly here for review on appeal from the judgment. The mere fact of pleading over to the action after the demurrer was overruled is not a waiver of the demurrer, under chapter 39, p. 42, Sess. Laws 1894. The decision of the territorial court in *Thompson* v. *Avery*, reported in 39 Pac. 829, was evidently made without this statute being called to its attention. The demurrer was a general demurrer that the complaint did not state facts sufficient to constitute a cause of action, and no other specific ground of demurrer was stated. We think that, if the appellant relied upon the statute of limitations as a defense, he should have specifically pointed out that objection by reference to the statute in his demurrer; otherwise, the objection on that ground would be waived. Comp. Laws Utah 1888, § 3244; *Brown* v. *Martin*, 25 Cal. 82; *Farwell* v. *Jackson*, 28 Cal. 106; *Spanish Fork City* v. *Hopper*, 7 Utah 235, 26 Pac. 293; *Bank* v. *Wickersham*, 99 Cal. 655, 34 Pac. 444. We discover no good reason why the demurrer should not have been overruled, nor is there any good reason urged why the complaint does not state facts sufficient to constitute a cause of action.

The third ground relied upon for a reversal is that the court erred in rendering judgment in favor of the plaintiff solely upon the pleadings filed, without any other evidence; and, fourth, that the action was barred by section 194 and subdivision 1, § 196, of the Code of Civil Procedure, being general sections 3143 and 3145. All the allegations of the complaint were admitted, by the failure of the defendant to deny the same; so that the main question to be determined is whether or not the cause of action is barred by the statute of limitations set up in the answer. Section 3143, Comp. Laws Utah 1888, limits the time for the commencement of actions to four years,

when the action is upon any contract, obligation, or liability founded upon an instrument of writing, except actions upon judgments, decrees, etc. Section 3145, Comp. Laws Utah 1888, limits the time for the commencement of actions to two years, in an action upon a contract, obligation, or liability not founded upon an instrument in writing. Section 3165, Comp. Laws Utah 1888, relied upon by both parties, reads as follows: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operations of this title, unless the same is contained in some writing signed by the party to be charged thereby." It is admitted by the pleadings that the money was delivered to the defendant July 1, 1883, for safe keeping, to be securely kept by him for the plaintiff, and to be redelivered to the plaintiff on demand. Demand was made on October 1, 1883, but the money was not returned, and no refusal made to return it. On July 9, 1884, before the expiration of the two years limited by the statute for recovery upon an oral contract under section 3145, defendant wrote to the plaintiff as hereinbefore set out. This letter acknowledges that the amount left with the defendant by the plaintiff was $4,321; that he paid thereon $3,193.20, and that the amount due plaintiff was $1,127.80; and that, for the balance due plaintiff, he (the defendant) had notes, which he presumed would be paid, and if not, he (the defendant) supposed he would have to pay. This is a clear acknowledgment of the amount due the plaintiff July 9, 1884, and fulfills the requirement of the statute. On July 25, 1889, over four years from the date of the first letter, defendant again writes plaintiff, as heretofore stated. The defendant here acknowledges that his previous statement of the amount of money left with him was correct, and that the amount as therein stated as then due the plaintiff, was correct; but he claims in the same

letter that such amount has, if his memory serves him right, been paid by Shoup, and that he supposed that he had advanced enough to Boyle to liquidate the entire claim; that he had been of that opinion all along. This letter contains neither a promise to pay, nor any unqualified acknowledgment that anything was then due. On the contrary, it contains an assertion that nothing remains in his hands, belonging to plaintiff, as he understands the transaction. The plaintiff is here plainly notified that, while he had previously had in his possession the sum of $4,321 for the use and benefit of plaintiff, this sum had been returned, and that nothing more remains in his hands, belonging to plaintiff. In other words, it was a denial on the part of the defendant that he had any of the plaintiff's money in his hands at the time, or that he was indebted to him in any sum on July 25, 1889. That being so, the plaintiff cannot rely for recovery upon an acknowledgment in the letter of July 25, 1889; but, if he recover at all, it must be on the ground that no proof was offered by defendant in support of the statute of limitations, or that the defendant was the trustee of an express trust imposed by the contract relation. When we look at the allegations in the complaint, and determine the relation of these parties to themselves and to the fund in question, as shown by the admitted facts, we can come to no other satisfactory conclusion than that the defendant occupied such a relation of trust towards the plaintiff, and to the fund in question, that he must be regarded as a trustee of an express trust created by the contract and mutual confidence of the parties, and his liability measured from that standpoint, as affected by the statute of limitations. It has been held that it is not necessary, in the creation of an express trust, to use any particular form of words. It is sufficient to establish such relation if one party holds the legal title or the control and pos-

session of the property, and the other a beneficial interest therein. *Luco* v. *De Toro*, 91 Cal. 405, 27 Pac. 1082; Perry, Trusts, §§ 82, 75, 79. It is well settled that, as between trustee and *cestui que trust*, the statute of limitations does not operate, in cases of express or direct trusts, so long as such trusts continue. But when the trustee denies the trust and assumes ownership of the trust property, or denies his liability or obligation under the trust relation, in such a manner that the *cestui que trust* has actual, or even constructive, notice of the repudiation of the trust, then the statute of limitations attaches, and begins to run from that time, for such denial or adverse claim is an abandonment of the fiduciary character in which the trustee has stood to the property. *Miles* v. *Thorne*, 99 Am. Dec. 390, 391, note, and cases cited; *Luco* v. *De Toro*, 91 Cal. 405, 27 Pac. 1082; *Speidell* v. *Henrici*, 15 Fed. 758; *Wood* v. *Fox*, 8 Utah 380, 32 Pac. 48; Perry, Trusts, § 863; *Crisfield* v. *State*, 55 Md. 192. The defendant did not deny, disclaim, or repudiate the trust or deny the possession of the fund, or the plaintiff's right thereto, if at all, until July 25, 1889, which was less than four years prior to the time when this action was brought, and the statute of limitations did not begin to run until such denial or repudiation of the trust. "The fact that money due to a *cestui que trust* is allowed to remain in a trustee's hands with the consent of the *cestui que trust*, does not change the nature of the obligation itself. It still remains an obligation by the trustee in his character of trustee." Perry, Trusts, § 863; *Crisfield* v. *State*, 55 Md. 192. We think the court properly rendered judgment on the pleadings. The answer simply sets up the statute of limitations. Our statute (section 3248, Comp. Laws Utah) provides: "Every material allegation of the complaint not controverted by the answer must, for the purpose of the action, be taken as true; the statement of any new matter in the

answer, in avoidance or constituting a defense or counter claim, must, on the trial, be deemed controverted by the opposite party." Section 3244, Comp. Laws Utah 1888, provides: "In pleading the statute of limitations, it is not necessary to state the facts showing the defense, but it may be generally stated that the cause of action is barred by the provisions of section (giving the number of the section and subdivision thereof, if it is so divided, relied upon) of the Code of Civil Procedure; and if such allegations be controverted, the party pleading must establish, on the trial, the facts showing that the cause of action is so barred." When the defendant pleads the statute of limitations, matters upon which the plaintiff relied to relieve him from the bar of the statute are deemed, in law, to have been pleaded in reply to the answer. In other words, the answer was deemed to be denied. *Fox* v. *Tay*, 89 Cal. 339, 24 Pac. 855, and 26 Pac. 897. The plea of the statute of limitations impliedly admits the existence of the demand, and the burden of proving a bar by statute is upon the party pleading the statute, as in the case of the plea of payment. *Borland* v. *Haven*, 37 Fed. 394; Comp. Laws 1888, § 3244; *Campbell* v. *Light Co.*, 84 Mo. 352; *Lewis* v. *Mason's Adm'r*, 84 Va. 731, 10 S. E. 529; *Wright* v. *Ward*, 65 Cal. 525, 4 Pac. 534. We think the burden was upon the defendant to establish the truth of his answer. Having introduced no evidence, the judgment upon the pleadings was properly rendered. The judgment of the district court is affirmed, with costs.

ZANE, C. J., and YOUNG, District Judge, concur.