## LEEDOM v. HAM et al.

### L. A. No. 134; March 23, 1897.

48 Pac. 222.

**Partnership—Rights of Partner.—Plaintiff, Having Leased a Farm,** and taken S. as a partner, agreed that the lessor might sell enough of the future crop to pay the rent; whereupon the latter bargained nineteen tons to third persons, but nothing was paid, nor any delivery made to them or to the lessor. Subsequently the whole crop, amounting to less than nineteen tons, and which constituted the entire partnership assets, was attached as the property of S., and

purchased at execution sale by the attaching creditor. Held, that under Civil Code, section 2405, giving each partner a lien on the assets for the payment of firm debts, and for any general balance due him, plaintiff was entitled to recover his share from the creditor.

Partnership—Rights of Partners.—Plaintiff was not Estopped, though he had, through mistake of law, notified the officer at the time of the attachment that he owned one-half the crop, "less nineteen tons belonging to" the lessor.

APPEAL from Superior Court, San Bernardino County; George E. Otis, Judge.

Action by W. T. Leedom against A. M. Ham, H. H. Ham and Smith Leedom for an accounting of a partnership between plaintiff and the last-named defendant, and to recover the value of property converted by the other defendants. Defendant Leedom defaulted, and from a judgment for defendants Ham and from an order denying a motion for new trial plaintiff appeals. Reversed.

E. R. Annable and Geo. B. Cole for appellant; T. C. Chapman and Rolfe & Rolfe for respondents.

BRITT, C.—Plaintiff leased of one Gregory ninety-five acres of land, and also purchased of Gregory barley to seed the same for a crop of grain hay; the lessor extending credit for both rent and seed upon an understanding that he should be paid therefor from the first proceeds of sale of the crop. Plaintiff then took one Smith Leedom as a partner in the business of raising the crop, they agreeing to share equally the net avails, Gregory to be first paid. The crop was grown by them pursuant to such arrangement, and constituted the only partnership assets. Its value was less, it seems, than the partnership liabilities. While the harvesting thereof was in progress, plaintiff agreed with Gregory that the latter might sell enough of the hay to pay the sums due him for rent and seed, and that plaintiff would deliver to the purchasers the quantity thus sold. Accordingly Gregory bargained nineteen tons of the hay to certain persons at an agreed price, but nothing was paid, nor was any hay delivered either to Gregory or such purchasers. A few days later the whole crop was attached as the property of said Smith Leedom in a suit brought against him by A. M. Ham and H. H. Ham. They subsequently caused it to be sold

under execution in that suit, and became the purchasers thereof, and converted it to their own use. Plaintiff prosecutes this action against A. M. and H. H. Ham and Smith Leedom for an accounting of the affairs of his partnership with said Smith (who is insolvent) and judgment against the Hams for the value of the crop. When said attachment was levied, plaintiff served on the attaching officer written notice stating himself to be the owner of an undivided one-half of the crop, "less nineteen tons thereof, due and belonging to A. Gregory." At the same time Gregory served similar notice, claiming nineteen tons on the ground that such quantity was sold to him before the attachment. Defendants produced evidence at the trial that the whole crop was only fourteen and one-half tons. The court found that plaintiff had no right or interest in the hay, or any part thereof, and rendered judgment for costs in favor of defendants Ham. Smith Leedom had made default.

The plaintiff seems to have modeled his procedure upon the law as declared in Wright v. Ward, 65 Cal. 525, 4 Pac. 534, and on the facts in evidence he was entitled to prevail. By their purchase at the execution sale the brothers Ham took the interest of Smith Leedom in the property, subject to the right of plaintiff to have the same applied so far as necessary in discharge of the partnership debts, and of any balance due to him as ascertained by an accounting: Civ. Code, sec. 2405; Freeman on Executions, sec. 254a. Respondents seek to uphold the finding of the court on the ground that by the notice served on the attaching officer plaintiff stated the ownership of the hay to be in a third person, and claim that such a conflict in the evidence was thus created as to render the finding conclusive on appeal. But the evidence made it clear that plaintiff, as terre-tenant under Gregory, had title to the crop, modified only by the partnership interest of Smith Leedom. Under authority from plaintiff, Gregory had bargained the hay to prospective purchasers, but there was no delivery, nor agreement for a present transfer, and hence no completed sale: Civ. Code, sec. 1140. Therefore, the declaration in the notice that Gregory owned nineteen tons of the hay was but a mistaken statement of opinion on the legal effect of prior transactions, and could not operate to devest title in the crop: Keane v. Cannovan, 21 Cal. 291, 301.

It is claimed, also, that such notice had the effect to estop plaintiff from subsequently asserting right to the hay. It is sufficient to say on this point that, since the notice stated that nineteen tons of the hay belonged to Gregory and one-half the overplus to plaintiff, it is impossible that the brothers Ham could have acted in good faith on the belief of the truth of this statement (Code Civ. Proc., sec. 1962, subd. 3), while causing the hay to be sold and purchasing the same as the property of Smith Leedom. The judgment and order denying a new trial should be reversed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed.