SIDNEY STEVENS, APPELLANT, *v.* L. R. ROGERS, RESPONDENT.

CONTRACT—ALLEGATIONS—STATUTE OF LIMITATIONS—BURDEN OF PROOF—DAMAGES—INSUFFICIENT ALLEGATIONS OF BREACH OF CONTRACT.

1. The allegation of the complaint in an action on a contract that defendant, an attorney, neglected to collect certain notes, or any of them, does not show a breach, when it appears from the terms of the contract that defendant simply agreed to use reasonable diligence to collect; nor is the allegation sufficient which states that defendant neglected to obtain judgment or bring suit, when he agreed to bring suit and obtain judgment in case plaintiff furnished the money to pay costs.

2. The allegations of a complaint that plaintiff delivered to defendant 54 promissory notes for collection; that defendant had returned 28, but refused to state whether any part of them had been collected, or whether any steps had been taken to collect; that he did not return the others, and refused to account for them, or to inform the plaintiff what steps, if any, had been taken to collect them; and that, by reason thereof, plaintiff had been damaged in the sum of $5,400,—without an allegation as to value, or as to the solvency of the makers, showed a breach of the contract, and a right to recover nominal damages.

3. The notes came into defendant's possession lawfully, and those not returned or sued on were held by him for plaintiff, and a right of action for them did not accrue until a refusal or failure to deliver upon demand, and the statute of limitations did not begin to run until that time.

4. *Statute of Limitations and Simple Contracts.*
   A receipt given by the defendant for the notes taken for collection constituted a contract between the parties, and the plaintiff's action being founded upon it, he had four years from the time the statute began to run within which to begin suit.

5. *Burden of Proof.*

Where defendant sets up the statute of limitations, the burden of proof necessary to sustain the allegations of the defense is on the defendant, unless the proof is furnished by plaintiff's evidence.

6. *Reversal on Question of Nominal Damages.*

When there has been a full and fair presentation of the case on the trial in the court below, and the appellate court can say, as matter of law, that no more than nominal damages was proven, a judgment of reversal will not be made; but, when the court is not clear as to such presentation and trial, a reversal should be granted, and a new trial ordered.

(No. 834.   Decided Nov. 5, 1897.)

Appeal from the Second district court, Weber county. H. H. Rolapp, *Judge.*

Action on a contract by Sidney Stevens against Lindsay R. Rogers. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Rhodes & Williams,* for appellant.

*E. M. Allison, Jr.,* for respondent.

ZANE, C. J.:

This is an appeal by the plaintiff from a judgment for the defendant. The plaintiff alleged in his complaint that on the 6th day of November, 1888, he delivered to the defendant, an attorney at law, 54 promissory notes, which he owned, giving a list of them; that the defendant agreed to bring suit and obtain judgment upon such as he could not collect without suit; that plaintiff agreed to advance the necessary costs, and to pay defendant reasonable fees for his services, which he alleged he was always ready and willing to do. This is the contract on which the plaintiff relied, and he simply stated its legal effect.

The contract, as stated, bound the defendant to use reasonable efforts to collect the notes without suit, and, if they could not be collected without, to report the fact to the plaintiff, and, if he furnished the necessary costs, to bring suit, and use reasonable skill and diligence to obtain judgment, and to inform the plaintiff of his doings, and to return the notes not collected, or upon which suit might not be commenced, upon request of their owner. The allegation in the complaint that defendant neglected to collect the notes, or any of them, did not show a breach of the contract, as the defendant simply agreed to use reasonable diligence to collect, and the allegation that defendant neglected to obtain judgment or bring suit was not a good assignment of a breach, for defendant agreed to bring suit and obtain judgment in case plaintiff furnished the money to pay the costs. It is not averred that defendant did not report to plaintiff that the notes, or any of them, could not be collected without suit, and that plaintiff furnished the money or offered to do so. However, the complaint contains other allegations amounting to a sufficient breach. They are that defendant returned to the plaintiff 28 of the notes, but refused to state whether any part of them had been collected, or whether any steps had been taken to collect them; that he did not return the other 26, and refused to account in any way for them, or to inform the plaintiff what steps had been taken, if any, to collect them; and averred that, by reason thereof, plaintiff was damaged in the sum of $5,400. It was not alleged that the makers were solvent, or that the notes were worth anything. In his answer, the defendant admitted the receipt of the notes from the plaintiff for collection upon the agreement that he would use ordinary diligence and skill to collect them, and that, when the address of the

makers residing outside of Weber county should be ascertained, either by the plaintiff or himself, he would send them for the plaintiff to an attorney or justice nearest to such makers, which he alleged he did. Defendant also alleged, in his answer, that this cause of action against him was barred by the statute of limitations.

The issues were tried by the court. The witness Frank J. Stevens testified, on the trial, that it was agreed by the defendant, at the time the notes were delivered to him, that he would proceed to collect them, and, when he could not collect, he would reduce them to judgment; that, in case it became necessary to commence suit on any of them, the plaintiff would advance the money to pay costs. A list of the notes was admitted in evidence, and the witness stated that he received 28 of the notes back from the defendant on October 1, 1891; that he asked the defendant to deliver them back, and had a number of conversations with him before he got them; that about one year before suit the plaintiff, one Buck, and witness called on defendant for a report of what had been done, and he refused to make it in the presence of witnesses, but said he would make it in writing later. Witness testified, further, that defendant said, after he had returned the 28 notes, that as to the rest of them witness would have to wait until one Mr. Sawtelle should return home; that he could not tell anything about them; that he had delivered them to Sawtelle. The plaintiff, Sidney Stevens, also testified, and his evidence was similar in effect to that of his son, Frank J. Stevens, except that he stated defendant never called on him to pay costs or fees, that he had never seen any of the notes not returned since he delivered them to defendant, and that defendant had refused to make any report with respect to them. Defendant, by his attorney, admitted that he had not returned

the 26 notes. A receipt executed by the defendant, at the time the notes were delivered by the plaintiff to him, was also admitted in evidence. It is as follows: " Ogden City, Utah, Nov. 2, 1888. Received of Sidney Stevens, for collection and remittance for account of Sidney Stevens, the following described notes, 165 in number, amounting to $6,095.56." Then follows a list of the notes, giving date of note, date due, amount, and the payment, and interest. Under the list of notes: " Received above for collection. L. R. Rogers." Numerous letters between the parties were also received in evidence, but for the purposes of this decision we do not deem it necessary to mention them further in this opinion. There was no proof as to the solvency of the makers of the notes, or as to their value.

The facts essential to the defense of the statute of limitations, set up by the defendant in his answer, we must regard as denied, under the statute. The burden was upon him to prove them unless the plaintiff's evidence furnished the proof. The notes came into the defendant's hands lawfully, and those not collected, sued on, or returned must be regarded as held by the defendant for the plaintiff. It was his duty to return them on demand. His obligation with respect to them was similar to a trust, and as to plaintiff's right of action with respect to them the statute of limitations would not begin to run until a refusal or failure to return them upon demand. *Thomas v. Glendinning,* 13 Utah 47. We are of the opinion that the receipt above quoted constituted a contract between the parties, and that the plaintiff's action was founded upon it, and that he had four years from the time the statute begins to run in which to commence suit. From the evidence it appears that defendant continued to recognize his obligation to return the 26 notes until December 21,

1894, and that he did not at that time make an explicit denial of his obligation to return them. There was no evidence to establish the defense of the statute of limitations.

While a breach of the contract was proven, no more than nominal damages could be found, without evidence as to the solvency of the makers of the notes or as to their value. As a matter of law the court can so hold. We are disposed to hold that the court below erred in finding that plaintiff had not sustained any injury or damage, and in finding that his cause of action was barred by the statute of limitations, and in entering judgment against him. When there has been a full and fair presentation of the case on the trial in the court below, and the appellate court can say as a matter of law that no more than nominal damages was proven, a judgment of reversal will not be made; but, when the court is not clear as to such presentation and trial, a reversal should be granted, and a new trial ordered. In view of the allegations of plaintiff's complaint, and of the evidence in the record, we are not satisfied that plaintiff's case was fully and fairly presented to the trial court. The judgment appealed from is reversed, and the court below is directed to grant a new trial.

BARTCH and MINER, JJ., concur.