[No. 14712.    Department One. — July 11, 1892.]

CUYAMACA GRANITE COMPANY, APPELLANT, v. THE PACIFIC PAVING COMPANY, RESPONDENT.

PARTNERSHIP — ACTION FOR ACCOUNTING AND SETTLEMENT — ASSIGNMENT OF INTEREST — ASSIGNOR A NECESSARY PARTY. — In an action for an accounting and settlement of a partnership, where it appears that the defendant was in partnership with the plaintiff's assignor and another person, all of whom were jointly interested in the profits of the partnership, and it also appears that no settlement of the partnership matters had ever been made between the original partners, all of them are necessary parties to the action; and a demurrer to the complaint for defect of parties, in that the partner who was plaintiff's assignor, and who was not joined, was a necessary party to the complete determination of the controversy, is properly sustained.

ID. — PLEADING — PARTNERSHIP IN CONTRACTS FOR STREET WORK — COLLECTIONS TO BE MADE BY COPARTNER — INSUFFICIENT COMPLAINT. — When the complaint in such action alleges that the defendant agreed with the plaintiff's assignor and another person to do certain street work with them as partners, and that the defendant should appoint a book-keeper who should keep all accounts, pay all bills, and collect all moneys belonging to the copartnership, and that the profits arising from the work should be equally divided, and which alleges that the work has been performed, and that a large sum of money is still uncollected, but which does not aver that the defendant failed to perform any of the conditions of the agreement to be performed by the defendant, or that the defendant was neglecting or refusing to collect the unpaid money, or was insolvent or likely to become so, or unable or unwilling to respond to any just claim or demand against the defendant, or that there was any danger that the money, when collected by the defendant, would be misappropriated, squandered, or lost, fails to state a cause of action.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Hunsaker, Britt & Goodrich,* for Appellant.

The complaint sets forth a partnership between plaintiff and defendant; a dissolution; the existence of unsettled accounts, and a balance in favor of the plaintiff; and demands an accounting and a judgment for the balance, and therefore shows a good cause of action. (*Ludington* v. *Taft,* 10 Barb. 447; *Carlin* v. *Donegan,* 15 Kan. 495.) If it be contended that the plaintiff is or was not a partner of defendant, and therefore cannot sue, we reply that if the assignee of a partner, who seeks to enforce no right of the firm, but alleges a dissolution of the partnership, asks for the share of the profits to which he as assignee is entitled, it will be decreed to him. (*Matthewson* v. *Clarke,* 6 How. 122; *Still* v. *Focke,* 66 Tex. 715; *Marx* v. *Goodnough,* 16 Or. 26; *Strong* v. *Clawson,* 5 Gilm. 347.) After dissolution, either party has the power to compel an adjustment of all the business of the firm. (*Ligare* v. *Peacock,* 109 Ill. 101; *Gates* v. *Fraser,* 6 Brad. App. 229; *Miller* v. *Brigham,* 50 Cal. 615.) In the absence of an express agreement to the contrary, one partner has the same rights in the management of the partnership business as the other; and unless it clearly appears from the terms of the partnership contract that plaintiff·was to be excluded from participation in the collection of the debts due the partnership, the court erred in its ruling. (1 Ewell's Lindley on Partnership, 2d ed., p. 301.)

*Luce & McDonald,* for Respondent.

The interest of Haskins and Schulenberg was joint, and therefore Haskins should have been joined as a party plaintiff, or if his consent to be joined as plaintiff could not have been obtained, he should have been made a defendant. (Code Civ. Proc., sec. 382.) The defendant contracted and dealt with Haskins and Schulenberg jointly, as one party in fact, and is entitled to have the

rights of both settled in and determined by one action. The law will not tolerate a division of a joint right of action into several actions. (*Nightingale* v. *Scannell*, 6 Cal. 507; 65 Am. Dec. 525.) "And one without whose presence in an action no complete determination of the subject thereof can be had must be made a party to it. (Code Civ. Proc., sec. 389; *Harrison* v. *McCormick*, 69 Cal. 616, 621; *O'Connor* v. *Irvine*, 74 Cal. 435, 436, 442.)

BELCHER, C. — It is alleged in the complaint in this case that at all the times mentioned therein, both the plaintiff and defendant were corporations, organized under the laws of this state; and that in 1889, A. Haskins and A. R. Schulenberg made and entered into a certain contract of copartnership with the defendant, a copy of which is set out and marked " Exhibit A."

This contract was to the effect that Haskins and Schulenberg would use their best endeavors to secure from the city of San Diego contracts for bituminous rock street pavements in that city, and in the event of obtaining any such contracts, would immediately assign and transfer the same to the defendant; that upon such contracts being secured and assigned, the work therein provided for should be done by Haskins and Schulenberg and the defendant as partners; that the defendant, at its own expense, would appoint a book-keeper, who should keep all accounts, pay all bills, and collect all moneys belonging to the copartnership; and that the profits arising from the work should be equally divided, one half to Haskins and Schulenberg, and the other half to the defendant.

It is then alleged that in pursuance of the terms of the said contract of copartnership, Schulenberg, on behalf of Haskins and himself, procured from the city of San Diego, in December, 1889, a contract for the paving and curbing of Sixth Street in said city, and assigned the same to the defendant; that the work provided for was done as agreed, and was completed and accepted by the

city on or about July 25, 1890, the said partnership being in effect thereby dissolved; that the total value of the work performed under the contract amounted to the sum of $51,680.72; that in January, 1891, Schulenberg assigned and transferred all his interest and claim in and to the said contract, and the profits arising therefrom, to the plaintiff; "that no settlement of the copartnership accounts has ever been made between plaintiff and defendant, nor between Haskins and Schulenberg and defendant, nor between said Haskins or said Schulenberg and defendant, though plaintiff has requested and demanded a final settlement of defendant with respect thereto, which defendant has refused, except on terms unjust and unfair to plaintiff, and not in accordance with said contract"; that plaintiff is informed and believes that upon a true and just settlement of said accounts a large sum of money, to wit, about fifteen thousand dollars, would be due from defendant to plaintiff; and that according to plaintiff's information and belief, there is outstanding and due from various persons to said copartnership concern about nineteen thousand dollars; and that defendant, assuming that it has the sole and exclusive right to collect the outstanding claims, at such times and in such manner as suits its convenience, and to postpone the settlement of the partnership accounts between it and plaintiff until said outstanding accounts are all collected, refuses to make any settlement with plaintiff, though requested so to do.

And the prayer is for an accounting, for the appointment of a receiver to collect the outstanding demands, and for judgment, etc.

The defendant demurred to the complaint, on the grounds,—1. That there was a defect of parties plaintiff, in that A. Haskins was a necessary party to the complete determination of the several matters and things complained of; and 2. That the complaint did not state facts sufficient to constitute a cause of action.

The court sustained the demurrer, and, the plaintiff

declining to amend, gave judgment for the defendant, from which plaintiff appeals.

1. It is clear, we think, that the demurrer was properly sustained upon the first ground specified therein. It appears that Haskins and Schulenberg were partners with defendant in the street-paving contract, and were jointly interested with defendant in the profits arising therefrom. The plaintiff, by the assignment, succeeded only to Schulenberg's interest in these profits, and was thereafter jointly interested in them with Haskins. No settlement of the partnership matters had ever been made between any of the parties. It is apparent, therefore, that no complete determination of the controversy could be had without the presence of Haskins. This being so, he was a necessary party, and should have been brought in. (Code Civ. Proc., sec. 389; *Harrison* v. *McCormick*, 69 Cal. 620, 621.) If his consent to be joined as plaintiff could not be obtained, then he should have been made a defendant, the reason therefor being stated in the complaint. (Code Civ. Proc., sec. 382.)

2. We also think that the demurrer was properly sustained upon the second ground specified. It appears that it was expressly stipulated in the agreement made between Haskins and Schulenberg and the defendant, that the defendant should appoint a book-keeper, who should collect all moneys becoming due under the contract with the city, and that the sum of about nineteen thousand dollars remained uncollected when this action was commenced. It is not averred that the defendant had failed to perform any of the conditions of the agreement to be performed on its part, or that it was neglecting or refusing to collect the unpaid money, or that it was insolvent or likely to become so, or unable or unwilling to respond to any just claim or demand against it, or that there was any danger that the money, when collected by defendant, would be by it misappropriated, squandered, or lost. Under these circumstances, we fail to see how any right of action had arisen in favor of the plaintiff when this action was instituted.

We advise, therefore, that the judgment be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

PATERSON, J., HARRISON, J., GAROUTTE, J.