[Civ. No. 4886. First Appellate District, Division Two.—September 29, 1924.]

## WILLIAM J. FERGUSON, Administrator, etc., Appellant, v. ALICE L. KOERBER et al., Respondents.

[1] PLACE OF TRIAL—RESIDENCE OF DEFENDANTS IN DIFFERENT COUNTIES — DENIAL OF MOTION FOR CHANGE — IMPROPER GRANTING OF RENEWED MOTION.—An order denying a motion for change of place of trial by defendants residing in a county other than that in which the action was commenced was proper where other defendants resided in the county where the action was commenced; and where, after amendment of the complaint, the motion for change of place of trial was renewed, an order granting the renewed motion was improper, as the right to have the place of trial changed depended on the condition of things existing at the time the parties claiming the right first appeared in the action.

(1) 40 Cyc., pp. 119, 127, 128.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting motion for change of place of trial. T. I. Fitzpatrick, Judge. Reversed.

The facts are stated in the opinion of the court.

J. E. Barry and Charles J. Heggerty for Appellant.

Sullivan & Sullivan and Theo. J. Roche and Louis Oneal for Respondents.

STURTEVANT, J.—The trial court granted a motion made by the defendants changing the place of trial of the above-entitled action from San Francisco to Santa Clara County. The plaintiff has appealed. The correctness of the ruling made by the trial court depends upon a consid-

---

1. See 27 R. C. L. 812.

eration of a number of dates. The plaintiff's intestate was, during her lifetime, the owner and in possession of (1) lawful money of the United States in the sum of $11,195; (2) jewelry amounting to the value of $3,500, and (3) a large number of oil paintings.

On the twenty-third day of July, 1920, May Ferguson died. Commencing as early as June, 1920, her daughter, Alice L. Koerber, one of the defendants, commenced to claim title to some of the above properties. As the agent of his wife William L. Koerber commenced to assist her. The paintings above mentioned were and had been at the time of the death of May Ferguson in the possession of Howard Le Fort and C. Lepori, residents of San Francisco, who had the paintings in the Justice Cafe at 646 Washington Street, San Francisco. Shortly after the death of May Ferguson, William J. Ferguson, her surviving husband, was appointed administrator of the estate of his deceased wife. Thereafter on June 5, 1922, the administrator commenced this action to recover the possession of all of said properties. He made the Koerbers, Le Fort, and Lepori defendants. Later Le Fort appeared and filed a demurrer. On June 26, 1922, the Koerbers appeared and filed a demurrer, and at the same time they served and filed a demand, notice of motion, and affidavits asking that the place of trial be changed to Santa Clara County. In their moving papers they set forth that they resided in Santa Clara County and that Le Fort and Lepori were not connected with the alleged cause of action. In their demurrer, among other attacks, they claimed that the complaint stated a cause of action against Mr. and Mrs. Koerber for cash and jewelry, and a cause of action against Le Fort and Lepori for the paintings. The trial court denied the motion and later sustained the demurrer. The plaintiff amended. The defendants filed another demurrer making the same attack, the trial court sustained it and gave leave to amend. The plaintiff filed a second amended complaint omitting all reference to the paintings. To that pleading the Koerbers interposed a general demurrer and without leave of court renewed their motion to change the venue, basing their motion on the ground that they were residents of Santa Clara and for that reason the action should be transferred to Santa Clara. The

trial court granted the motion and it is from the order so made that the plaintiff has taken this appeal.

The appellant contends that the time to make the motion had long since expired and that the trial court erred in granting the motion. In support of that contention the appellant cites section 396 of the Code of Civil Procedure and *Remington S. M. Co.* v. *Cole,* 62 Cal. 311, 318. The respondents have filed an exhaustive brief in which they concede that the Remington case, if allowed to stand, is decisive, and rules the point against them. However, they claim that the Remington case should have been decided the other way and that it is not sound law. In this behalf respondents cite many authorities from other jurisdictions. We have read the Remington case and are not at all inclined to question its soundness. True it is that some inconvenience may be suffered by defendants by reason of the rule in the Remington case, but we are equally of the opinion that if the rule should be relaxed and the ruling made by the trial court in the instant case affirmed, that an equal number, if not a greater number, of opportunities for injustice will arise.

[1] When the first order was made refusing to change the venue of the action it was clearly correct because Le Fort and Lepori had as much right to have the case remain in San Francisco as the Koerbers had to have it changed to Santa Clara County. The right to have the place of trial changed depended on the condition of things existing at the time the parties claiming the right first appeared in the action. (*Remington S. M. Co.* v. *Cole, supra.*)

In what we have said we are not to be understood as holding that any of the demurrers should have been sustained. The matter is not before us on this appeal.

For the reasons above stated the order appealed from is reversed.

Nourse, J., and Langdon, P. J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on November 28, 1924.