DITMORE v. NICHOLSON.

No. 14696.

Court of Civil Appeals of Texas. Fort Worth.

June 8, 1945.

McGown, McGown, Godfrey & Logan, of Fort Worth, for appellant.

Rice M. Tilley and R. V. Nichols, both of Fort Worth, and Nelson, Montgomery & Robertson, of Wichita Falls, for appellee.

BROWN, Justice.

This suit involves a venue question only. G. D. Nicholson, C. A. Ditmore and W. T. Jones formed a partnership in 1941, and it was agreed by the partners that Ditmore would handle all the business of such partnership, and this he did. Nicholson and Jones live in Wichita County, and Ditmore lives in Callahan County.

Nicholson brought suit in the district court of Wichita County and made Ditmore and Jones parties defendant. Nicholson alleged the forming of the partnership and asserted that he had made demand upon Ditmore for a partnership accounting to determine the profits and losses and the portion thereof to which Nicholson was entitled.

He alleged that Ditmore kept all books, accounts and records belonging to the partnership, and that Ditmore had exhibited to plaintiff and plaintiff's auditor what purports to be a copy of the partnership books but that such do not constitute a complete set of books insofar as the partnership is concerned; that all of the partnership transactions were carried on the private, individual books of Ditmore and were transferred to the purported books belonging to the partnership, and that as a result the plaintiff and his auditor have not been able to determine from such books the exact status of the partnership affairs; that Ditmore has refused to permit the plaintiff or his auditor to examine the said Ditmore's personal books for the purpose of determining the source of and correctness of the items transferred by Ditmore from his individual books to the said partnership books; that plaintiff believes and therefore avers that Ditmore has made large profits in which plaintiff is entitled to participate; that Ditmore refuses to account to plaintiff or to permit him to examine the original records in his possession; that the information cannot be secured by plaintiff unless the trial court appoints an auditor to audit the books of the partnership in connection with the private books of Ditmore in order to determine the exact status of the partnership accounts.

The plaintiff prayed for citation to issue to each of the defendants; that the auditor prayed for be appointed for the purposes alleged, "and that on trial of said cause on the merits there be a partnership accounting between this plaintiff and the two defendants above listed and that the plaintiff recover of and from the said defendants such sum of money or other property as said audit and the facts show him to be justly entitled to," etc.

Thus it is seen that the suit is for an accounting by one partner against all of the other members of the partnership firm. Ditmore filed his plea of privilege to be sued in Callahan County, where he resides. The plaintiff filed a controverting affidavit in which he alleged that his suit is for an accounting between partners; that all of the partners are necessary parties to such suit; that Jones, a defendant-partner, is a bona fide resident and citizen of Wichita County, where the suit is brought; and that the district court of Wichita County has venue under subdivisions 4 and 29a of Article 1995 of the Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 1995, subds. 4, 29a.

Defendant Ditmore replied to the controverting affidavit alleging that the defendant Jones "is not a proper party defendant nor is he a necessary party defendant; that no bona fide cause of action exists between plaintiff G. D. Nicholson and defendant W. T. Jones. Defendant C. A. Ditmore avers that W. T. Jones was made a party defendant solely for the fraudulent purpose of fixing venue in Wichita County, Texas," and for the pur-

pose of depriving Ditmore of his statutory right to be sued in the County of his residence. The pleading elaborates as to these contentions, and next avers that the cause of action "is not in truth and in fact one for accounting in that said partnership has been dissolved for over two years and an accounting has been rendered to the plaintiff, an audit of the partnership's books and records having been made by an accountant of plaintiff's own selection and that the cause of action of plaintiff is not truly one for accounting but that facts pertaining to an accounting are fraudulently alleged for the purpose and effort to constitute W. T. Jones as a necessary and proper party thereto for the fraudulent purpose of maintaining venue in the County of Wichita, Texas."

The issues on the plea were tried to the court and, on request, findings of fact and conclusions of law were made.

W. T. Jones waived the issuance and service of process and entered his appearance in writing.

The trial court found the prior existence of the partnership; that Ditmore conducted all of the partnership business transactions; that the partnership operated until the middle of the year 1942 when the properties belonging to it were disposed of and it ceased to do business; that Ditmore, who operated the partnership and kept all books thereof submitted to plaintiff and Jones a statement of the operations, profit and loss of such partnership and later he submitted a second statement; that these purported to cover all of the operations of the partnership and were not supplementary of each, and the two statements did not show the same results insofar as profit and loss were concerned; that the partnership had no bank account and all funds belonging to the partnership were placed in the private bank account of Mr. and Mrs. Ditmore, and the books of the partnership were first entered upon the private books of Mr. and Mrs. Ditmore and then monthly or annually were transferred from the private books of Mr. and Mrs. Ditmore to the partnership books; that neither the plaintiff nor W. T. Jones agreed to the statements submitted by Ditmore and no settlement has been made of the partnership which is agreeable to all of the partners; that plaintiff employed an auditor to check the partnership business for him but such

auditor was not able to verify the figures set up in the partnership accounts for the reason that Ditmore refused to permit the auditor to examine his private books and private bank account into which all of the accounts of the partnership were first posted and into which bank all the partnership money was deposited; that, because Ditmore refused to disclose to the auditor his private books and bank account insofar as the partnership business was concerned and failed and refused to submit to the auditor certain contracts and other supporting data in his possession with reference to the partnership business, the said auditor was unable to make an audit of the affairs of the partnership in accordance with good accounting practice; that Jones was not made a party plaintiff because he did not voluntarily care to join as a party to the suit; that Jones was not made a party defendant for the purpose of fraudulently conferring venue upon the district court of Wichita County, but Jones was necessarily made a party defendant because he did not care to and would not join in the bringing of the suit; that Jones and the plaintiff are jointly interested in a business being operated in Wichita County, "and there is no disagreement as between Nicholson and the defendant Jones."

The trial court concluded that this is a suit for a partnership accounting between all of the partners "with a supplementary request by the plaintiff for the court to appoint an auditor to audit the affairs of said partnership"; that Jones, a member of the partnership firm, is a necessary and proper party to any partnership accounting suit; "that the cause of action, to-wit, the partnership accounting instituted by the plaintiff is the same cause of action against the defendant Jones and against the defendant Ditmore, and there is no primary cause of action or a liability against the defendant Ditmore and a secondary cause of action or liability against the defendant Jones; the cause of action against both defendants being the same and primary."

The plea of privilege was overruled and Ditmore appeals.

The first point presented is, in substance, that plaintiff having failed to allege any cause of action against the defendant Jones and having admitted that no controversy exists between him and Jones, the resident defendant, the trial court

erred in not finding that Jones was made a party defendant solely for the fraudulent purpose of establishing venue in Wichita County.

■ It is undoubtedly the law of the land that a suit for an accounting may be instituted by any partner against the other partners even after the partnership is dissolved by the acts of and with the consent of the partners.

The right to an accounting naturally follows and unless an accounting has been had that is satisfactory to all partners a suit for an accounting is vouchsafed to any partner.

■ It is further the law of the land that in a suit for an accounting all partners are not only proper but necessary parties to the suit. See Vol. 47 C.J., p. 1211, § 919; and Vol. 32 Texas Juri. p. 546, Secs. 214, 215; and Dial et al. v. Martin et al., Tex.Civ.App., 8 S.W.2d 241, writ dismissed.

■ When one does that which he has a lawful right to do, the courts of the land will not inquire into the motive for his acts.

Nicholson not only had the right to make Jones, one of the partners, a party defendant in his suit for an accounting, it was necessary for Jones to be made a party in order to obtain the relief sought. Even if the plaintiff had testified that he made Jones a party defendant for the purpose of obtaining venue in Wichita County, and had testified to and exhibited ill will against Ditmore prompting his acts, the situation would not have been changed.

■ This brings us to a consideration of the second point which, in effect, asserts that, Nicholson having admitted that no controversy existed between him and Jones, and that he and Jones were and are business partners and friends, and there being no evidence that Jones had refused to join Nicholson in the suit, the trial court erred in finding that Jones did not care to and refused to join in the suit.

We think the evidence is sufficient to support the trial court's finding of which complaint is made.

The fact that Nicholson testified that no controversy existed between him and Jones did not and does not dispense with the necessity for Jones being made a party to the suit for an accounting between the partners.

Nicholson was not duty bound to request Jones to join him as a plaintiff, and he was within his rights in making him a party defendant. The 3rd, 4th, 5th, and 6th points are so closely related that they will be considered together.

■ The third point asserts, in effect, that the cause of action against Ditmore being an entirely different, separate and distinct cause of action from that, if any, alleged against the resident defendant, Jones, suit could not be maintained against Ditmore in Wichita County in the face of his plea of privilege, under either subdivision 4 or subdivision 29a of Article 1995, and point four asserts, in substance, that in order to maintain venue in a county other than that of Ditmore's residence, it was necessary that the cause of action as alleged be the same against both Ditmore and the resident defendant, Jones; and point five asserts, in effect, that to maintain venue in a county other than that of Ditmore's residence, the primary cause of action must be one brought against Jones, the resident defendant, and the secondary and inferior cause of action only brought against Ditmore; and the sixth point asserts, in effect, that the cause of action alleged against the resident defendant, Jones, discloses that Jones was not such a party to the suit that a decree could not have been entered without his presence in the suit, and therefore Jones was not a necessary party within the meaning of said subdivision 29a of said cited article.

We are of opinion that appellant is confused as to what is the primary cause of action here.

It appears to us that the primary cause of action is the one calling for an accounting and a recovery of such sum as may be found to be due to the plaintiff.

The mere fact that plaintiff's petition discloses that one of the partners is charged with conduct that is hindering the plaintiff in his efforts to ascertain the true status of the affairs of the partnership, all of which calls for some relief against such partner that is not sought against any other partner because not necessary does not, in our opinion, change the primary purpose of the suit.

The special relief that is sought as against the defendant Ditmore is inci-

dental to the suit for an accounting between the partners.

Jones is both a proper and a necessary party to this suit.

Finding no error, the judgment is affirmed.