[Civ. No. 4991. Fourth Dist. Mar. 26, 1956.]

OSCAR RUDNICK, Plaintiff and Respondent, v. JAMES DELFINO et al., Defendants and Respondents; HAROLD V. SMITH, Appellant.

Vizzard, Baker & Sullivan and James Vizzard for Appellant.

Borton, Petrini, Conron & Brown, Deadrich, Bates & Stewart and Kenneth H. Bates for Respondents.

CONLEY, J. pro tem.*—This is an appeal by one of the defendants, Harold V. Smith, from an order denying his motion for a change of venue from Kern County to San Bernardino County.

Plaintiff ''Oscar Rudnick, individually and as a copartner

*Assigned by Chairman of Judicial Council.

of Imperial Land and Cattle Company, a copartnership'' sues for a dissolution of Silver River Ranch, a limited partnership, for an accounting and a decree directing the division and distribution of the partnership assets. The verified complaint alleges that the members of the copartnership originally consisted of Oscar Rudnick, Harold V. Smith, Delfino Brothers, a copartnership comprising James Delfino, Frank Delfino, Tony Delfino and Willie Delfino, Maxwell H. Weinberg and Dale E. Weinberg; that at a later date the Weinbergs transferred their interests to Imperial Land and Cattle Company, a copartnership, comprised of Oscar Rudnick and James Delfino and that the latter company succeeded them as copartners. All of the alleged present copartners are made parties to the suit.

In his affidavit of merits for change of venue, the defendant and appellant Harold V. Smith alleges that at all times mentioned in the complaint and on the date of the filing of the action he was and now is a resident of San Bernardino County. The affidavit does not refer to the residence of any other party defendant and it does not contain any allegation as to the place where the contract of copartnership was entered into, or where it was to be performed. It does not charge any fraud, or lack of good faith on the part of the plaintiff in joining other persons as parties defendant. The complaint states that the defendant Frank Delfino at all times mentioned therein was and now is a resident of Kern County and that the partnership contract was made and entered into in Kern County. By affidavit, the defendant Frank Delfino establishes his residence at all of the times involved in the litigation as being in Kern County.

The complaint for the dissolution of the limited partnership, Silver River Ranch, alleges that Delfino Brothers is a general copartnership comprised of James Delfino, Frank Delfino, Tony Delfino and Willie Delfino, with its principal place of business in Kern County, where Frank Delfino at all times has been and now is a resident; that Imperial Land and Cattle Company is a general partnership comprised of Oscar Rudnick and James Delfino as copartners; that on or about November 1, 1951, the plaintiff Oscar Rudnick, individually, and Harold V. Smith, Delfino Brothers, Maxwell H. Weinberg and Dale E. Weinberg, in the county of Kern, made and executed written articles of limited copartnership which are set forth as exhibit one, attached to the pleading.

The complaint further asserts the filing of a certificate of

limited partnership in San Bernardino County (Exhibit Two), the sale and assignment by the Weinbergs of their interest to Imperial Land and Cattle Company and the execution and recordation of an amended certificate of limited partnership in San Bernardino County (Exhibit Three). The pleading avers the prompt commencement and carrying on of the business of the partnership involving the expenditure of large sums of money in the acquisition and improvement of its properties, the lending to it of funds exceeding $300,000 for its use and benefit by Imperial Land and Cattle Company, and of $150,000 by the Weinbergs, for which they are entitled to reimbursement; that the defendants, other than Smith, have performed their agreements as set forth in the articles but that Harold V. Smith has not carried out his contractual duties in that he has failed to convey to the Silver River Ranch the real property referred to in the articles, free of encumbrances other than those permitted by the agreement, has refused to transfer title to some of the farming machinery, equipment and personal property called for, and has not removed the encumbrances from some of it. Continuing, the complaint alleges the right of the Weinbergs to accelerate the maturity date for the repayment to them of the $150,000 loaned to the partnership in the event the trust deed given as security was not placed in the position of a first trust deed prior to December 9, 1952, and that the Weinbergs have elected to accelerate the maturity of the obligation and are presently demanding full payment thereof, together with interest; that the Silver River Ranch was prevented from securing a loan of $250,000 from The Travelers Insurance Company by reason of the failure of Smith to remove the encumbrances from the abovementioned land; that his failure of contractual duty has substantially impaired the credit of the partnership so that it is no longer reasonably practicable to carry on its business; that plaintiff has requested Smith to consent to a voluntary dissolution, but he has refused so to do.

In the prayer of the complaint, a decree of dissolution is asked in which the general partners will be directed to sell the partnership property, an accounting is demanded, and distribution requested to the several partners after the payment of debts.

The articles of limited copartnership and agreement (Exhibit One), attached to the complaint, is a lengthy and comprehensive contract, conforming generally to its description

contained in the complaint. Detailed analysis in this opinion is unnecessary but we do call attention to the fact that the purpose of the partnership, as shown by the articles, was to acquire and use for agricultural purposes and stock raising lands in San Bernardino County, and that the principal place of business is fixed at Helendale, San Bernardino County; that Oscar Rudnick and Delfino Brothers were named as general partners and Oscar Rudnick, Delfino Brothers, Harold V. Smith, Dale E. Weinberg and Maxwell H. Weinberg as limited partners, and that the parties expressly refer to the certificate of limited copartnership of even date and agree that "the two documents are intended to supplement each other."

This, then, is a suit to dissolve and wind up the affairs of a copartnership in a form frequently employed in courts of equity. ██ "Where there has in fact been a partnership, a court of equity in a single action may grant prayers for a dissolution of the partnership and for an accounting, and also for a decree for the payment over of any balances which may be due." (40 Am.Jur., p. 362.) ██ Such a suit is a transitory action based on the partnership agreement and controlled as to venue by the provisions of section 395 of the Code of Civil Procedure. (*Gilman* v. *Nordin,* 112 Cal.App.2d 788, 790 [247 P.2d 394]; *Hays* v. *Cowles,* 60 Cal.App.2d 514, 518 [141 P.2d 26]; *Averill* v. *Lincoln,* 52 Cal.App.2d 398 [129 P.2d 398].)

Section 395 of the Code of Civil Procedure provides that:

". . . (t)he county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. . . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary. . . ."

If Kern County is a proper place of trial under any of the three alternatives set forth in the section, the order denying a change of venue must be affirmed.

██ In a suit of this kind, normally all of the partners are not only necessary, but indispensible parties to the liti-

gation. (*Young* v. *Hoglan*, 52 Cal. 466; *Wright* v. *Ward*, 65 Cal. 525 [4 P. 534]; *Harrison* v. *McCormick*, 69 Cal. 616, 621 [11 P. 456]; *Cuyamaca Granite Co.* v. *Pacific Paving Co.*, 95 Cal. 252 [30 P. 525].) As is said in 68 Corpus Juris Secundum, pages 936-937:

"Ordinarily, all the partners are not only proper, but are also necessary parties to an action for dissolution; . . . unless all are brought into the litigation, a decree cannot be made which will finally dispose of all questions involved. . . . The partner suing for an accounting may make all the other partners parties defendant, although a controversy exists only between himself and one of such partners, and although he made no request on any of them to join him in the suit as parties plaintiff."

And 40 American Jurisprudence, at page 362, enunciates the same principle:

"The general rule in equity that all persons interested in the object of a suit where rights will be directly affected by the decree must be made parties to the suit applies to proceedings for the settlement of the affairs of a partnership, unless their nonjoinder is excused."

 It is elementary that on a motion such as this for a change of venue, the burden is on the moving party to show that the action was not brought in the proper county and that another place of trial should be ordered. (*Hearne* v. *De Young*, 111 Cal. 373, 376 [43 P. 1108]; *Quint* v. *Dimond*, 135 Cal. 572 [67 P. 1034]; *Donohoe* v. *Wooster*, 163 Cal. 114 [124 P. 730]; *Greenleaf* v. *Jacks*, 133 Cal. 506 [65 P. 1039]; *Briscoe* v. *Guarantee Mtg. Co.*, 57 Cal.App. 492 [207 P. 487].)

 When a defendant who resides in the county in which the action is brought is a necessary and proper party defendant, it is immaterial that another defendant, even the principal defendant, resides in another county. (*White* v. *Anderson*, 50 Cal.App.2d 634 [123 P.2d 543]; *Walker* v. *Wells Fargo Bank & Union Trust Co.*, 24 Cal.App.2d 220 [74 P.2d 849]; *Ferguson* v. *Koerber*, 69 Cal.App. 47 [230 P. 476]; *Winterburn* v. *Sheriff*, 61 Cal.App. 531 [215 P. 406].)

 A defendant is not entitled to have a suit removed to the county of his residence unless it appears that none of the other defendants who are proper parties is a resident of the county in which the action was filed. (*Independent Iron Works, Inc.* v. *American President Lines, Ltd.*, 35 Cal.

2d 858 [221 P.2d 939]; *Yellow Mfg. Accept. Corp.* v. *Stoddard*, 93 Cal.App.2d 301 [208 P.2d 1040]; *Goossen* v. *Clifton*, 75 Cal.App.2d 44 [170 P.2d 104].

As Frank Delfino's residence in Kern County is established by uncontradicted proof, the trial court's ruling denying a change of venue was correct, unless Frank Delfino, for some special reason, was not a proper party defendant.

If any of the defendants had been joined fraudulently or in bad faith merely to establish venue in Kern County, the issue could have been tendered and proof to that effect made by affidavits on behalf of the moving party. (*McDonald* v. *California Timber Co.*, 151 Cal. 159 [90 P. 548]; *Sourbis* v. *Rhoads*, 50 Cal.App. 98 [194 P. 521].) But the appellant does not charge fraud. His affidavit in support of the motion did not allege improper joinder or even refer to the residence of any defendant other than the moving party.

Appellant, however, argues that as no party can sue himself, Imperial Land and Cattle Company, the partnership consisting of Oscar Rudnick and James Delfino must be considered to be a plaintiff; and that if James Delfino is thus considered a plaintiff, the Delfino Brothers partnership and all of its members must also be considered plaintiffs. This would leave the appellant as sole defendant and venue would be regulated accordingly. It must be conceded that no person can sue himself. (*Byrne* v. *Byrne*, 94 Cal. 576 [29 P. 1115, 30 P. 196]; 39 Am.Jur. 857.) If John Doe, a resident of Kern County, should purport to bring an action against himself and Peter Poe of San Bernardino County, the latter, in the absence of other factors, would be entitled to a change of venue.

A partnership in the eyes of the law is not a legal entity even though it may be sued under the firm name, by reason of the provisions of section 388 of the Code of Civil Procedure. (*Reed* v. *Industrial Acc. Com.*, 10 Cal.2d 191 [73 P.2d 1212, 114 A.L.R. 720]; *First Nat. T. & S. Bank* v. *Industrial Acc. Com.*, 213 Cal. 322, 331 [2 P.2d 347, 78 A.L.R. 1324]; *Heinfelt* v. *Arth*, 135 Cal.App. 445, 447, 448 [27 P.2d 420]; *People* v. *Maljan*, 34 Cal.App. 384, 387 [167 P. 547].) As is said in *Western Nat. Bank* v. *Perez* [1891], 1 Q.B. 304, 314:

"When a firm's name is used, it is only a convenient method for denoting those persons who compose the firm at the time when that name is used and a plaintiff who sues partners in the name of their firm in truth sues them individually,

just as much as if he had set out all their names." (See also *Francis* v. *McNeal,* 228 U. S. 695-699 [33 S.Ct. 701, 57 L.Ed. 1029, 1030, L.R.A. 1915E 706].)

▇ James Delfino and each of the Delfino brothers has a right to his day in court. Substantial property interests are to be adjudicated in the litigation and it by no means follows that the Delfinos, collectively or separately, agree with the allegations of the complaint or share the plaintiff's view of the necessity of dissolution and accounting. Each is a necessary and indispensable party and in the final analysis is entitled to urge his individual claims and rights against all others who have an interest in the partnership. As the ultimate disposition of the partnership property will be a division of assets or perhaps of liabilities among the several parties, the plaintiff is in no sense acting for all but one of them. He is not required to make a preliminary demand on all or any of his partners to join with him before commencing suit, and, acting in good faith, he may join all parties having an interest in the partnership as defendants. (68 C.J.S. 937; *Ditmore* v. *Nicholson,* (Tex.Civ.App.) 188 S.W.2d 414.)

▇ The trial court was justified in denying the motion for a change of venue because Frank Delfino is a resident of Kern County. (*Monogram Co.* v. *Kingsley,* 38 Cal.2d 28 [237 P.2d 265].)

The judgment is affirmed.

Barnard, P. J., and Mussell, J., concurred.