21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Theodore PAPPAS, Debtor.
Francis B. MATHEWS; Mathews & Pappas, Defendants-Appellants,
v.
Edward F. TRAVERSE; William B. Grover, as Trustee of the
Estate of Theodore Pappas; Sharon McKittrick,
Plaintiffs-Appellees.
 Nos. 91-16905, 91-16906.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 1, 1993.
Decided April 13, 1994.
 
 1
 Before: CHOY, D.W. NELSON, and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 This appeal challenges a judgment of the bankruptcy court accepting the accounting of a real estate partnership prepared by one of the partners, appellee Edward Traverse. The Bankruptcy Appellate Panel (the "BAP") affirmed the judgment on the merits, but remanded the issue of attorneys' fees to the bankruptcy court because the bankruptcy court failed to designate a prevailing party and did not determine the amount of attorneys' fees and costs attributable to Mathews' discovery abuse.
 
 
 4
 * Francis Mathews, Edward Traverse, James McKittrick, and Theodore Pappas were partners in real estate partnership.[1] Mathews kept most of the records and wrote most of the checks for the partnership. In 1986 Traverse and his ex-wife Elizabeth Traverse Smith filed an action in the Humboldt County Superior Court against Mathews, McKittrick and his wife, and the Estate of Pappas for an accounting and dissolution of the partnership. Smith and Traverse separately filed two amended complaints in July, 1988 and May, 1989, objecting to an earlier partnership accounting performed by Mathews, requesting an accounting by the court, damages for breach of fiduciary duty, and dissolution of the partnership and joint ventures.
 
 
 5
 Later in 1986, Mathews filed a complaint against Traverse in Humboldt County Superior Court seeking to foreclose on a deed of trust, attorneys' fees, and declaratory relief. Traverse filed a cross-complaint, alleging that Mathews failed to properly account for his share of partnership income. The two cases were consolidated and removed to the bankruptcy proceeding of the Estate of Pappas.
 
 
 6
 After a day and a half of trial, the bankruptcy court accepted Traverse's accounting and ordered the partnership dissolved. The court awarded attorneys' fees to Traverse, Smith, and the trustee of the Estate of Pappas.
 
 
 7
 The BAP affirmed the bankruptcy court's acceptance of Traverse's accounting, but reversed the bankruptcy court's award of attorney's fees to the trustee and Traverse and remanded to the bankruptcy court to determine the costs to each party attributable to Mathews' discovery abuse. The BAP also reversed and remanded the award of attorney's fees to Traverse so that the bankruptcy court could determine whether Traverse was the "prevailing party," as required under California law, in the suit Mathews instituted on a note and a deed of trust.
 
 II
 
 8
 Mathews offered into evidence during the trial documents that were relevant to the accounting issues. The bankruptcy court refused to admit the documents because Mathews had failed to comply with a discovery order of the Humboldt County Superior Court requiring him to "provide plaintiffs with a full description of the documents defendant Mathews destroyed prior to or during the moving of his law office in May of 1988...." Plaintiffs' Exhibit 4. Mathews challenges the bankruptcy court's ruling on two grounds: first, he maintains that the plaintiffs never requested production of the excluded documents, and second, even if they made such a request, that the bankruptcy court never entered a discovery order in this case and thus could not impose any sanctions for its violation. We will address the second argument first.
 
 
 9
 * Rule 37(b) of the Federal Rules of Civil Procedure provides that the court in which an action is pending may prohibit a party from introducing designated evidence as a sanction for failure to comply with a discovery order. See Fed.R.Civ.P. 37(b)(2)(B).[2] Mathews asserts, without authority or argumentation, that the bankruptcy court may not use Rule 37(b)(2)(B) to sanction a party's failure to comply with a state court discovery order issued prior to removal of the case to federal court. The law is clear, however, that: " '[t]he federal rules apply after removal and [t]he federal court ... treats everything that occurred in the state court as if it had taken place in federal court.' " Preaseau v. Prudential Ins. Co. of America, 591 F.2d 74, 79 (quoting Butler v. Neustadter, 324 F.2d 783, 785 (9th Cir.1963)). See also Richards v. Harper, 864 F.2d 85, 87 (9th Cir.1988) ("After removal, federal rather state law governs the course of later proceedings.") (citing Granny Goose Foods, Inc. v. Teamsters Local 70, 415 U.S. 423, 437 (1974)); Savarese v. Edrick Transfer & Storage, Inc., 513 F.2d 140, 144 n. 6 (9th Cir.1975); 28 U.S.C. Sec. 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court").[3] The bankruptcy court did not err by using Rule 37(b)(2)(B) sanctions to enforce the Humboldt County Superior Court discovery order.
 
 B
 
 10
 We now turn to Mathews' contention that the plaintiffs never requested production of the documents the bankruptcy court excluded.[4] We review the bankruptcy court's discovery sanction for abuse of discretion. United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir.1980). We will affirm the bankruptcy judge's exercise of his discretion to impose Rule 37(b) sanctions unless we have "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (internal quotations omitted). We affirm.
 
 
 11
 On the second day of trial, Mathews produced and offered into evidence for the first time a number of exhibits documenting logging expenses paid from the real estate partnership. In response to Traverse's objection, Mathews explained that he only discovered the check stubs the night before he offered them into evidence. He also maintained that the plaintiffs had never requested their production.
 
 
 12
 The record does not support Mathews' contention that the plaintiffs did not request these documents. "Plaintiff Traverse's First Request For Production Of Documents" filed in Humboldt Superior Court requested Mathews to produce all cancelled checks and bank statements from the inception of the partnership, as well as all other documents evidencing expenses incurred by the partnership and disbursements during the period of the accounting. Plaintiff's Exhibit 3. The "Order Re Motion for Order Compelling Response To Demand For Inspection" ordered Mathews to "provide plaintiffs with a full description of the documents defendant Mathews destroyed prior to or during the moving of his law office in May of 1988, including but not limited to, the Alturas litigation file and the Barnum condemnation file...." Plaintiff's Exhibit 4. In his response to the order, Mathews stated that he destroyed a number of documents when he moved his law office, including a number of cancelled checks of the partnership account and documents showing partnership logging income and expenses.
 
 
 13
 We are satisfied that Mathews' excluded exhibits were requested during state court discovery proceedings and were covered by the Humboldt County Superior Court order. Therefore, Mathews violated the discovery order when he failed to produce the records until trial. Moreover, we conclude that Mathews' reasons for failing to produce the documentation earlier--that he did not think that the documents were covered by the discovery requests and order and that he thought that he had destroyed them--do not excuse his failure to comply with the discovery order. Cf. Sumitomo Marine & Fire Ins. Co., 617 F.2d at 1369 (explaining that "neither dismissal nor preclusion of evidence that is tantamount to dismissal may be imposed when the failure to comply with discovery orders is due to circumstances beyond the disobedient party's control") (citations omitted). Accordingly, we conclude that the exclusion of Mathews' exhibits does not show a clear error in the bankruptcy court's judgment, and affirm.[5]
 
 III
 
 14
 Mathews next contends that the bankruptcy court erred in its calculation of the monies due Traverse from the DeBon Properties and the money due Mathews from Traverse for the Leaky Lake Ranch. We review the bankruptcy court's findings of fact for clear error. In re Dewalt, 961 F.2d 848, 850 (9th Cir.1992). We affirm.
 
 
 15
 * The deeds from the DeBon properties[6] to the partnership state that the properties were owned 15% by Traverse, 15% by McKittrick, 30% by Mathews and 40% by Pappas. These ownership figures are also on the promissory notes and deeds of trust which were received upon the sale of the DeBon properties. Traverse claimed at trial that these figures were not accurate, and the deed should have stated that McKittrick and Traverse each had an 18% ownership interest in the DeBon properties. The bankruptcy court agreed. We conclude that this finding was not clearly erroneous.
 
 
 16
 The evidence shows that the partners' respective interests in the DeBon properties were in dispute long before this action for a final accounting. Traverse introduced into evidence a letter indicating that although both the Startare parcel and the DeBon properties have documents indicating that McKittrick and Traverse own 15% each, Mathews would undertake to amend the documents to reflect an 18% interest each. Although Mathews testified that at all times the ownership of the DeBon properties remained 15% to Traverse and 15% to McKittrick, he conceded that at different times he distributed profits according to an 18% ownership share to Traverse and McKittrick. Traverse also testified that, other than the ownership represented on the DeBon deeds, Mathews, Traverse, and McKittrick's ownership shares in real estate ventures were the same as their interests in their law partnership, 40%, 30%, and 30%, respectively. The DeBon deeds, however, gave Mathews more than his usual share. Mathews could not definitely account for the discrepancy, stating simply that he possibly put the deal together. In light of the evidence, we cannot say that in this instance the bankruptcy court clearly erred by rejecting the ownership shares represented on the DeBon deeds.
 
 B
 
 17
 Mathews next challenges the bankruptcy court's finding that Traverse owed $42,240 on the Leaky Lake Ranch rather than $66,000. We reject this claim of error. First, Mathews failed to raise this issue on appeal to the BAP. Second, the bankruptcy court's finding is not clearly erroneous. In fact, nothing in the record supports Mathews contention on appeal that Traverse continues to owe $66,000 for the Leaky Lake Ranch.
 
 IV
 
 18
 We finally turn to Mathews' contention that the bankruptcy court erred in its finding that Mathews owed Pappas $385,890.48. Mathews contends that this finding is not supported by any evidence because the trustee for the Estate of Pappas did not participate in the pleadings or discovery. We disagree.
 
 
 19
 Mathews misapprehends the nature of an action for final accounting. This action was originally brought in Humboldt County Superior Court by Traverse and Smith for final accounting and dissolution of the partnership. Under California law, "[o]rdinarily all partners are not only proper, but are also necessary, parties to an action for dissolution." Rudnick v. Delfino, 140 Cal.App.2d 260, 264-265, 294 P.2d 983, 986 (1956) (internal quotations omitted). "[U]nless all [partners] are brought into [the] litigation, a decree cannot be made which will finally dispose of all questions involved." Id. (internal quotations omitted). Moreover, as trustee in an action for final accounting and dissolution, it was Mathews' responsibility to provide documents to support his accounting.
 
 V
 
 20
 The bankruptcy court awarded attorneys' fees to Traverse and Smith. Traverse argues that he was entitled to attorneys' fees based on the attorneys' fees provision in the promissory note that was the subject of the 1986 state court lawsuit brought by Mathews against Traverse and also as a sanction for Mathews' discovery abuse.[7] The BAP remanded the case to the bankruptcy court for redetermination of attorneys' fees because the bankruptcy court failed to designate a prevailing party and because the bankruptcy court did not limit the award of attorneys' fees and costs to the amount attributable to Mathews' discovery abuse.
 
 
 21
 It is undisputed that the promissory note on which Mathews sued Traverse provided for payment of attorneys' fees in an action instituted on the note. Under California law, the prevailing party in a suit based on a note with such a provision is eligible for fees. Cal.Civ.Code Sec. 1717.[8] The bankruptcy court found that Traverse and Smith were prevailing parties on the action they instituted against Mathews for an accounting and dissolution of partnership. However, the BAP correctly concluded that the bankruptcy court did not designate a prevailing party with respect to the action instituted by Mathews against Traverse on the promissory note. We conclude that, under California law, the bankruptcy court's statement that Traverse successfully defended against Mathews' suit is not sufficient. See Harvard Investment Co. v. Gap Stores, Inc., 156 Cal.App.3d 704, 714-15 n. 8 (1984) ("[T]he trial court is required to determine who is the prevailing party").[9]
 
 
 22
 The bankruptcy court also made a blanket award of fees and costs to the trustee of the Estate of Pappas. Because the trustee concedes that the estate is not entitled to attorneys' fees and costs under contract or for discovery abuse, we reverse the bankruptcy court's judgment to the extent it awards attorneys' fees to the trustee of the Estate of Pappas.
 
 
 23
 The judgment of the BAP is AFFIRMED except for the remand to the bankruptcy court to determine the appropriate award of attorneys' fees to the trustee of the Estate of Pappas, which is now unnecessary.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mathews, Traverse, and McKittrick were at one time also law partners
 
 
 [2]
 Rule 37(b)(2) provides:
 (2) Sanctions by Court in Which Action is Pending. If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 * * *
 (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence....
 Fed.R.Civ.P. 37(b)(2)(B).
 
 
 [3]
 The effect of state court proceedings on federal proceedings after removal from state court is governed by 28 U.S.C. Sec. 1450. The Supreme Court explained that through Sec. 1450:
 [j]udicial economy is promoted by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court. In addition the statute ensures that interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal. Thus attachments, sequestrations, bonds, undertakings, securities, injunctions, and other orders obtained in state court all remain effective after the case is removed to federal court.
 Granny Goose Foods, 415 U.S. at 435-36 (footnote omitted).
 
 
 [4]
 Mathews also argues that the bankruptcy judge's impatience and inability to understand the issues before him were the real reason behind the exclusion of his evidence. Nothing in the record supports such an indictment of the bankruptcy judge's behavior
 
 
 [5]
 Mathews also contends that the court's sanction was improper because there was no noticed hearing. This argument is clearly without merit. The bankruptcy court provided Mathews ample opportunity to respond to Traverse's objection to his exhibits
 
 
 [6]
 The DeBon deeds are for two properties, the Mendocino Deed and the Shasta Deed
 
 
 [7]
 We reject Traverse's argument that Mathews waived his objection to the bankruptcy court's award of attorneys' fees because he failed to object within 10 days of being served with the cost bill as required by Rule 265-3 of the local rules of the United States District Court for the Northern District of California. Mathews did not appeal a particular item on the cost bill, but rather the ruling to award fees. Therefore, Rule 265-3 waiver does not apply to this case
 
 
 [8]
 California Civil Code Section 1717 provides:
 (a) In any action on a contract, where the contract specifically provides that attorneys' fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not shall be entitled to reasonable attorneys' fees in addition to other costs....
 
 
 [9]
 Traverse does not challenge the BAP's remand to the bankruptcy court to determine the fees and costs caused by Mathews' discovery abuse